UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| WILLIAM PRINCE, Individually and for Others Similarly Situated,<br><br>v.<br><br>KANSAS CITY TREE CARE, LLC | Case No. |

## ORIGINAL COMPLAINT

### SUMMARY

1. William Prince ("Prince") brings this Fair Labor Standards Act ("FLSA") lawsuit to recover the unpaid overtime wages and other damages owed to him by Kansas City Tree Care, LLC ("KC Tree").

2. KC Tree is a tree and emergency disaster support company that employs laborers like Prince to carry out its work.

3. Prince and the other laborers regularly work more than 40 hours in a week.

4. But KC Tree does not pay them overtime for hours worked in excess of 40 in a week.

5. Instead of paying overtime, KC Tree paid Prince a daily rate with no overtime compensation.

6. Additionally, Prince and the other individuals like him were told they would also receive payment based on the yardage cleared.

7. Prince and the other workers like him were also promised $1.00 per yard cleared.

8. But KC Tree failed to pay per yardage as promised.

9. Prince and the other laborers' regular rates should be calculated by including this additional remuneration.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. The Court has supplemental jurisdiction over any state law claims because they arise from a common nucleus of operative facts, including KC Tree's pay policies and its calculation of wages owed. 28 U.S.C. § 1367.

12. Venue is proper in this Court because KC Tree is headquartered in this District and Division.

13. KC Tree conducts a substantial amount of business in this District and Division.

## PARTIES

14. Prince worked for KC Tree from January 3, 2019 until April 11, 2019 as a driver/operator.

15. Throughout his employment with KC Tree, Prince was paid a day-rate with no overtime compensation.

16. Prince's day-rate was $475.00 per day.

17. Throughout his employment with KC Tree, Prince was also promised to be paid a "yardage bonus" – or a dollar for every square yard he cleared.

18. Prince's consent to be a party plaintiff is attached as <u>Exhibit A</u>.

19. Prince brings this action on behalf of himself and all other similarly situated workers who were paid by KC Tree's day-rate system.

20. KC Tree paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

21. The class of similarly situated employees sought to be certified is defined as follows:

> **All employees of KC Tree Care, LLC who were paid a day-rate with no overtime in the past 3 years ("Putative Class Members").**

22. Kansas City Tree Care, LLC is a Kansas Limited Liability Company headquartered in Kansas City, Missouri and does business throughout the United States.

23. KC Tree may be served through its registered agent, Registered Agent Solutions, Inc., 3225 - A Emerald Lane, Jefferson City, Missouri 65109.

## COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, KC Tree has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, KC Tree has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, KC Tree has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as tree removal equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $750,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Prince and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

28. KC Tree provides Tree Pruning, Tree Removal, Stump Removal, Tree Cabling, Tree Bracing & 24-Hour Emergency Services.

29. To provide its services, KC Tree hires personnel (like Prince) to perform work.

30. Many of these individuals worked for KC Tree on a day-rate basis and make up the proposed Putative Class.

31. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

32. KC Tree paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

33. For example, Prince worked for KC Tree from January of 2019 to April 2019.

34. Throughout his employment with KC Tree, he was paid on a day-rate basis.

35. Prince and the Putative Class Members normally worked 10 to 12 hours a day.

36. KC Tree never guaranteed Prince and the Putative Class Members a salary.

37. KC Tree never paid Prince or the Putative Class Members on a salary basis.

38. The Putative Class Members worked hours similar to Prince's.

39. The Putative Class Members were denied overtime by the same illegal pay practice (KC Tree's day-rate pay plan) that resulted in Prince being denied overtime wages.

40. KC Tree's policy of failing to pay its employees, including Prince, overtime violates the FLSA because these workers are performing non-exempt job duties.

41. It is undisputed that Prince and the Putative Class Members are operating machinery, performing manual labor, and working long hours outside.

42. KC Tree's day-rate system violates the FLSA because Prince and the Putative Class Members did not receive any overtime pay for hours worked over 40 hours each week.

## COUNT 1
### FLSA VIOLATIONS

43. As set forth herein, KC Tree has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

44. KC Tree knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

45. KC Tree's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

46. Accordingly, Prince and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

47. Prince and the Putative Class Members were told that they would receive a yardage bonus for every yard they cleared.

48. Prince and the Putative Class Members performed their job duties as required by KC Tree.

49. KC Tree failed to pay Prince and the Putative Class Members their yardage bonus as agreed.

50. Prince and the Putative Class Members' regular rate of pay should include the yardage bonus remuneration which Prince and the Putative Class Members were never compensated.

## COUNT 2
### BREACH OF CONTRACT

51. KC Tree promised to pay Prince and the Putative Class Members a yardage bonus.

5

52. Prince and the Putative Class Members performed the work as agreed, thereby entitling them to the yardage bonus.

53. KC Tree failed to pay the yardage bonus as agreed.

54. By failing to pay the yardage bonus as agreed, KC Tree damaged Prince and the Putative Class Members in the amount of the unpaid yard bonuses.

55. By failing to pay the yardage bonus as agreed, KC Tree breached its contract with Prince and the Putative Class Members.

### COLLECTIVE ACTION ALLEGATIONS

56. Prince incorporates all previous paragraphs and alleges that the illegal pay practices KC Tree imposed on Prince were likewise imposed on the Putative Class Members.

57. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

58. Numerous other individuals who worked with Prince indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

59. Based on his experiences and tenure with KC Tree, Prince is aware that KC Tree's illegal practices were imposed on the Putative Class Members.

60. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

61. KC Tree's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

62. Prince's experiences are therefore typical of the experiences of the Putative Class Members.

63. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

64. Prince has no interests contrary to, or in conflict with, the Putative Class Members.

65. Like each Putative Class Member, Prince has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

66. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and KC Tree will reap the unjust benefits of violating the FLSA.

68. Furthermore, even if some of the Putative Class Members could afford individual litigation against KC Tree, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

70. Prince's claims are typical of the claims of the Putative Class Members. Prince and the Putative Class Members sustained damages arising out of KC Tree's illegal and uniform employment policy.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

72. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

73. Prince demands a trial by jury.

## RELIEF SOUGHT

74. WHEREFORE, Prince prays for judgment against KC Tree as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding KC Tree liable for unpaid back wages due to Prince and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Eric L. Dirks*
Eric L. Dirks, MO Bar No. 54921
**WILLIAMS DIRKS DAMERON, LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
816-945-7110 – Telephone
816-945-7118 – Facsimile
dirks@williamsdirks.com

**AND**

Andrew W. Dunlap
Texas Bar No. 24078444
*(pending pro hac vice)*
Richard M. Schreiber
Texas Bar No. 24056278
*(pending pro hac vice)*
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com
rschreiber@mybackwages.com

8

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
*(pending pro hac vice)*
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**

9