# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLIAM PRINCE, individually and on behalf of similarly situated persons,** | ) ) ) | |
| **Plaintiff,** | ) ) | CIVIL ACTION |
| v. | ) ) | No. 19-2653-KHV |
| **KANSAS CITY TREE CARE, LLC,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM AND ORDER

William Prince filed suit against Kansas City Tree Care, LLC, alleging putative collective action claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b), for failure to pay overtime and breach of contract under state law.  Complaint (Doc. #1) filed August 7, 2019.[1]  This matter is before the Court on Plaintiff's Motion To Strike Defendant's Tenth And Eleventh Affirmative Defense Under Rule 12(f) (Doc. #29) filed March 11, 2020.

On February 19, 2020, defendant filed an Answer (Doc. #28), which raised eleven affirmative defenses.   In the instant motion, pursuant to Rule 12(f), Fed. R. Civ. P., plaintiff asks the Court to strike defendant's tenth and eleventh affirmative defenses, which are as follows:

> 10.     The Plaintiff is barred from recovery based upon the equitable doctrine of unclean hands, and by reason of his acts, omissions, misconduct, and other conduct

---

[1] Plaintiff initially filed suit in the United States District Court for the Western District of Missouri.  On September 20, 2019, defendant filed a Motion To Dismiss (Doc. #10). On October 4, 2019, before the court ruled on defendant's motion to dismiss, the parties filed an Agreed Motion To Transfer Venue And Stay Deadlines To Respond To Defendant's Motion To Dismiss (Doc. #13).  On October 22, 2019, the Western District of Missouri transferred the case to the District of Kansas.  Order (Doc. #14).  On January 17, 2020, this Court overruled defendant's motion to dismiss.  Order (Doc. #25).

    bars recovery under the doctrine of equitable [estoppel] and or unjust enrichment.

    11.    Defendant alleges Plaintiff is barred by waiver of any claimed recovery by consenting and agreeing to the compensation agreement and barred from any further recovery.

<u>Answer</u> (Doc. #28) at 7.

Defendant has not responded to plaintiff's motion to strike. Pursuant to D. Kan. Rule 6.1(d)(1), defendant had until March 25, 2020 to file a response. Under D. Kan. Rule 7.4(b), "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." For this reason and for good cause shown, the Court sustains plaintiff's motion to strike as uncontested.

**IT IS THERFORE ORDERED** that <u>Plaintiff's Motion To Strike Defendant's Tenth And Eleventh Affirmative Defense Under Rule 12(f)</u> (Doc. #29) filed March 11, 2020 is **SUSTAINED**.

Dated this 21st day of April, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge