**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **WILLIAM PRINCE, individually and on behalf of similarly situated persons,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 19-2653-KHV** |
| **KANSAS CITY TREE CARE, LLC,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

William Prince filed suit against Kansas City Tree Care, LLC, alleging putative collective action claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b), for failure to pay overtime and breach of contract under state law. Complaint (Doc. #1) filed August 7, 2019.[1] This matter is before the Court on Plaintiff's Motion For Conditional Certification And Notice To Putative Class Members And Brief In Support (Doc. #37) filed April 24, 2020. For reasons stated below, the Court sustains the motion in part.

## I. Factual Background

### A. Lawsuit And Claims

Plaintiff's complaint alleges as follows:

Defendant provides various tree removal services and emergency disaster support. From January 3 until April 11, 2019, defendant employed plaintiff as a driver/operator. In this capacity,

---

[1] Plaintiff initially filed suit in the United States District Court for the Western District of Missouri. On October 22, 2019, the Western District of Missouri transferred the case to the District of Kansas. Order (Doc. #14).

plaintiff performed disaster relief services (i.e., operated machinery, performed manual labor and worked long hours outside).

Although plaintiff regularly worked more than 40 hours a week, he did not receive overtime compensation. Instead, defendant paid plaintiff a daily rate of $475.00, regardless of the number of hours he worked. In addition to his daily rate, defendant promised to pay plaintiff a "yardage bonus" of $1.00 for every square yard that he cleared. Defendant, however, did not pay plaintiff the yardage bonus as agreed.

On August 7, 2019, plaintiff filed this putative collective action, asserting two claims. In Count 1, plaintiff asserts that defendant's daily rate compensation scheme violates the FLSA because defendant did not pay employees for overtime. In Count 2, plaintiff asserts that defendant's failure to pay the yardage bonus was a breach of contract.

**B. Motion For Conditional Certification**

Plaintiff seeks conditional certification of the following class: "All employees of KC Tree Care, LLC who were paid a day-rate with no overtime in the past 3 years." Plaintiff's Motion For Conditional Certification And Notice To Putative Class Members And Brief In Support (Doc. #37) at 1. In support, plaintiff provided a declaration from himself, along with nearly identical declarations from three other employees. In sum, each declaration states that defendant paid the declarant a daily rate, that he or she worked more than 40 hours a week and did not receive overtime pay, that he or she was not a salaried employee and that other employees may want to join this lawsuit. Plaintiff also provided several paystubs.

In addition to conditional certification, plaintiff requests that the Court (1) authorize notice to all putative class members; (2) approve his proposed notice and consent forms; (3) authorize the mailing, emailing and texting of notice and a reminder; (4) authorize class counsel to contact

putative class members by telephone if notice and consent forms return undeliverable; (5) order defendant to produce the contact information of each putative class member within 10 days of the Court's order; and (6) authorize a 60-day opt-in period for putative class members.

Defendant opposes plaintiff's motion on several grounds and asserts that conditional certification is not appropriate. To start, defendant asserts that it did not pay plaintiff a daily rate. Rather, it says that plaintiff agreed to compensation at a rate of $1.00 per yard, that defendant would provide him an advance of $475.00 per day (less taxes and withholdings), and that defendant would debit the advance against plaintiff's final earnings based on overall production (i.e., the total number of yards that plaintiff cleared). Defendant also asserts that its employees agreed to individual compensation packages and are exempt from the FLSA under 29 U.S.C. § 207(g).

Defendant further asserts that plaintiff is not similarly situated to other employees because he was discharged for suggesting that another employee engage in fraud.[2] Alternatively, defendant argues that if the Court grants conditional certification, it should limit the conditional class to employees that defendant compensated in a manner similar to plaintiff—that is, on a production basis of $1.00 per yard.

**C. Proposed Notice**

Both parties have submitted proposed notice forms, consent-to-join forms, telephone scripts for undeliverable mail and the text of email/text messages to potential class members. The parties' documents contain several differences and reflect their respective views on the appropriate scope of the proposed class.

[2] Defendant asserts that this is why it did not pay plaintiff the agreed yardage bonus. That is, under his contract, plaintiff's discharge resulted in waiver of the $1.00 per yard.

## II.     Legal Standard

The FLSA provides that an employee may bring a collective action on behalf of other employees who are "similarly situated."  29 U.S.C. § 216(b).  A lawsuit brought under the FLSA does not become a "collective" action unless other plaintiffs opt in by giving written consent. Shepheard v. Aramark Unif. & Career Apparel, LLC, No. 15-7823-DDC-GEB, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016).  The Tenth Circuit has approved a two-step approach to determining whether putative collective action members are "similarly situated" for purposes of Section 216(b).  Thiessen v. GE Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001).  Under this approach, the Court typically makes an initial "notice stage" determination whether putative collective action members are "similarly situated." Id. at 1102.  That is, the Court makes a conditional determination whether it should certify a collective action for purposes of sending notice of the action to potential collective action members.  See Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 679 (D. Kan. Aug. 23, 2004).  For conditional certification at the notice stage, the Court requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  Thiessen, 267 F.3d at 1102 (quotation marks and citations omitted).  The standard for certification at the notice stage is a lenient one that typically results in class certification.  See Brown, 222 F.R.D. at 679; see also Christeson v. Amazon.com.ksdc, LLC, No. 18-2043-KHV, 2019 WL 2137282, at *3 (D. Kan. May 16, 2019).

After discovery is complete, defendant may file a motion to decertify.  At this second stage, the Court applies a stricter standard to ensure that plaintiffs are actually similarly situated. To make this determination, the Court considers several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) various defenses available to defendant which

appear to be specific to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the requisite filings required before suing. Thiessen, 267 F.3d at 1103; Swartz v. D-J Eng'g, Inc., No. 12-1029-JAR, 2013 WL 5348585, at *1 (D. Kan. Sept. 24, 2013).

## III. Analysis

### A. Conditional Certification

As noted, plaintiff seeks to certify the following collective action: "All employees of KC Tree Care, LLC who were paid a day-rate with no overtime in the past 3 years." Because plaintiff's motion is before the Court at the notice stage of review, the Court applies a lenient notice-stage standard and only requires that plaintiff's complaint and declarations present substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102. At this stage, the Court does not weigh the evidence, resolve factual disputes or rule on the merits of plaintiff's claims. Swartz, 2013 WL 5348585, at *5.

Plaintiff alleges that putative class members are similarly situated because they were all victims of defendant's daily rate compensation scheme and did not receive overtime pay. The declarations attached to his motion support this argument. The declarants allege that they were paid a daily rate, that they regularly worked more than 40 hours a week and that defendant did not pay them overtime.

Defendant asserts that plaintiff is not similarly situated to putative class members because he was discharged for suggesting that another employee commit fraud. This argument lacks merit, however, because whether plaintiff was discharged is not relevant to whether defendant violated the FLSA by failing to pay plaintiff and putative class members overtime to which they were entitled.

Defendant also argues that the Court should limit any putative class to individuals who were compensated based on production (i.e., $1.00 per yard).  The Court will not do so, however, because plaintiff asserts that he was compensated based on a daily rate.  At this stage, the Court accepts plaintiff's allegation as true and does not determine whether he was actually compensated based on a daily rate.  See Gieseke v. First Horizon Home Loan Corp., 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (at notice stage, court does not reach merits); Geer v. Challenge Fin. Inv'rs Corp., No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005) (at notice stage, court considers plaintiff's allegations and supporting affidavits).  Indeed, defendant raises several arguments which may ultimately prevail but are premature at this notice stage.  See Geer, 2005 WL 2648054, at *2 (declining to consider exemption defense at notice stage).  Defendant may raise such arguments at the second stage, when the parties have completed discovery and the evidence is more fully developed.  See Swartz, 2013 WL 5348585, at *6.

For purposes of notice, plaintiff has made substantial allegations that putative collective action members were victims of a single decision, policy or plan, i.e., a daily rate with no overtime pay.  The Court will therefore conditionally certify plaintiff's proposed class for purposes of notice.

**B.    Notice**

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary. Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009).

Here, both parties have submitted proposed notice forms, consent-to-join forms, telephone scripts for undeliverable mail and email/text messages to potential class members.  The proposed

forms, however, contain several references to the Court.  To avoid the appearance of judicial endorsement of the merits of the action, the parties should remove such references.  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989) (in overseeing notice process, "courts must be scrupulous to respect judicial neutrality" and "must take care to avoid even the appearance of judicial endorsement of the merits of the action"); Kuri v. Addictive Behavioral Change Health Grp., LLC, No. 16-2685-JAR, 2017 WL 5273736, at *3 (D. Kan. Nov. 13, 2017) (citing Hoffman-La Roche and requiring parties to remove references to district court from proposed notice); Swartz , 2013 WL 5348585, at *7 (parties should remove reference to district court in notice).

Additionally, in plaintiff's proposed notice, he asserts that "Prince contends KC Tree Care misclassified him and other Day Rate Workers as independent contractors to avoid the overtime requirements of the FLSA."  (Doc. #37-1) at 1.  This allegation, however, is not in the complaint.  Any revised notice must accurately reflect the claims and defenses in the case.  See Lundine v. Gates Corp., No. 18-1235-EFM, 2019 WL 5267108, at *2 (D. Kan. Oct. 17, 2019) (court must ensure notice is accurate).

Accordingly, before the Court will authorize notice to putative plaintiffs, the Court directs the parties to confer and agree on a proper notice, consent-to-join form, telephone script and email/text message to potential class members that are consistent with this order, and to resubmit the forms for the Court's approval.  In addition, several decisions in the District of Kansas have directed parties to Fortna v. QC Holdings, Inc., No. 06-0016-CVE, 2006 WL 2385303, at *11 (N.D. Okla. Aug. 17, 2006), as an example of proper notice and consent-to-join forms.  See e.g., Kuri, 2017 WL 5273736, at *3; French v. Midwest Health, Inc., No. 14-2625-JAR, 2015 WL 4066748, at *4 (D. Kan. July 2, 2015); Swartz, 2013 WL 5348585, at *6.  This Court will do the

same, and requests that the parties closely review the forms approved in Fortna before re-submitting the proposed forms.

If the parties cannot agree on the proposed notice forms, plaintiff may file a motion, as indicated below, and defendant may respond. To the extent the parties take different positions, they should identify their specific disagreements and support their respective positions with relevant authority and examples of notices and consent forms in other cases in the District of Kansas.

**IT IS THERFORE ORDERED** that Plaintiff's Motion For Conditional Certification And Notice To Putative Class Members And Brief In Support (Doc. #37) filed April 24, 2020 is **SUSTAINED in part**. The Court conditionally certifies plaintiff's collective action under Section 216(b) of the FLSA for the following class of persons: All employees of KC Tree Care, LLC who were paid a day-rate with no overtime in the past three years.

**IT IS FURTHER ORDERED** that plaintiff's motion to approve the notice and consent forms is **OVERRULED without prejudice**, to be reasserted after the parties have conferred. No later than June 29, 2020, the parties shall submit a joint proposed notice and consent form to the Court for approval. To the extent the parties are unable to reach an agreement, plaintiff shall file a motion no later than July 3, 2020, to seek approval of the proposed forms, and defendant shall respond no later than July 10, 2020. If necessary, defendant may submit an alternative proposed notice and consent form with its response.

**IT IS FURTHER ORDERED** that no later than June 25, 2020, defendant shall provide plaintiff the contact information of all members of the putative class.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge