IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM PRINCE, individually and on behalf of similarly situated persons, ) ) ) Plaintiff, ) ) v. ) ) KANSAS CITY TREE CARE, LLC, ) ) ) Defendant. ) ) | CIVIL ACTION<br><br>No. 19-2653-KHV |

**MEMORANDUM AND ORDER**

William Prince filed suit against Kansas City Tree Care, LLC, alleging putative collective action claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b).  This matter is before the Court on Defendant's Motion To Decertify Conditional Certification And Brief In Support (Doc. #84) and Plaintiffs' Expedited Motion To Strike Untimely Motion (Doc. #85), both filed February 1, 2023.  For reasons stated below, the Court sustains plaintiff's motion and overrules defendant's motion to decertify as untimely.

In the Pretrial Order (Doc. #75) filed December 1, 2022, defendant stated that it intended to file a motion to decertify or prevent the temporary certification of the class from becoming permanent.  Defendant agreed that any dispositive motions or motions relating to class certification must be filed by January 4, 2023.  Pretrial Order (Doc. #75) at 9.  Defendant filed its motion to decertify on February 1, 2023—28 days beyond the agreed deadline in the pretrial order.  That same day, plaintiff filed an objection to the untimely motion.  Nine days later, defendant responded to plaintiff's objection and now belatedly seeks leave to file its motion to decertify out of time.

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B); see also D. Kan. Rule 6.1(a) (motion for extension of time must be filed as soon as practicable and "in no event less than 3 days before the specified time").  To determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) whether the moving party acted in good faith.  Perez v. El Tequila, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  The reason for delay is the most important factor in this analysis.  Id.

**I.    Prejudice To Plaintiffs**

Plaintiffs have not identified any specific prejudice.  Even so, if the Court grants defendant leave to file its motion to decertify at this stage, plaintiffs would have to expend resources for their counsel to respond to the untimely motion.  This factor therefore slightly weighs in favor of plaintiffs.

**II.    Length Of Delay And Impact On Judicial Proceedings**

As noted, the delay in this case was 28 days, which is relatively short in the context of this case—which plaintiff filed more than three years ago.  If the Court permitted defendant to file its motion to strike, however, the delay in judicial proceedings could be several months because the untimely motion could impact the currently scheduled trial date of May 1, 2023.  Moreover, defendant has not shown how "decertification" would have any practical effect in this FLSA collective action where all of the "conditionally certified plaintiffs" appear to be named plaintiffs.

This factor slightly favors plaintiff.

### III.     Reason For The Delay And Whether It Was In Defendant's Control

Defense counsel concedes that he simply overlooked the deadline to file a motion to strike. <u>Defendant's Response To Plaintiff's Objection To Defendant's Motion To Decertify The Conditional Certification Class And For Leave To File Defendant's Motion Out Of Time</u> (Doc. #87) at 2; <u>see</u> <u>id.</u> at 4 (asking for leave based on "excusable oversight").   Defense counsel offers some generalized reasons for delay such as workload and illness, but utterly fails to explain how he let the deadline pass for four weeks or why he did not inform opposing counsel or the Court before he filed the untimely motion to decertify.   Estimating the amount of time required to file a motion to decertify, notifying opposing counsel and the Court that he was preparing the motion, and seeking leave of Court to file the motion was within defendant's control.   This factor weighs strongly in favor of plaintiffs.

### IV.     Whether Movant Acted In Good Faith

Defendant apparently acted in good faith.   Accordingly, this factor favors defendant.

### V.     Balancing Of Factors

Weighing all of the above factors, the Court finds that defendant has not shown excusable neglect.   As explained above, if the Court granted defendant leave to file the motion to decertify, plaintiffs would have to incur the attorney fees necessary to file a response.   The Court cannot countenance counsel's failure to seek leave earlier or otherwise notify opposing counsel that he intended to file an untimely motion to decertify.   See <u>Sizemore v. State of N.M. Dep't of Labor</u>, 182 F. App'x 848, 852–53 (10th Cir. 2006) (no excusable neglect where counsel ignored deadline, erroneously relied on Rule 6 to calculate deadline and failed to seek extension immediately upon receiving defendant's motion); <u>Quigley v. Rosenthal</u>, 427 F.3d 1232, 1238 (10th Cir. 2005) (no

excusable neglect where counsel mistakenly construed rule and failed to timely seek attorney fees); Ghamrawi v. Case & Assocs. Props. Inc., 116 F. App'x 206, 210 (10th Cir. 2004) (no excusable neglect where counsel simply disregarded deadline because of workload).   In sum, defendant has not demonstrated excusable neglect. The Court therefore overrules defendant's motion for leave to file its motion out of time and likewise overrules defendant's motion to decertify as untimely.

**IT IS THERFORE ORDERED** that Plaintiffs' Expedited Motion To Strike Untimely Motion (Doc. #85) filed February 1, 2023, which the Court construes as a motion to overrule defendant's motion as untimely, is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Response To Plaintiff's Objection To Defendant's Motion To Decertify The Conditional Certification Class And For Leave To File Defendant's Motion Out Of Time (Doc. #87) filed February 10, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Decertify Conditional Certification And Brief In Support (Doc. #84) filed February 1, 2023 is **OVERRULED**.

Dated this 21st day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge