## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WILLIAM PRINCE, et al., | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| v. | ) | No. 19-2653-KHV |
| | ) | |
| KANSAS CITY TREE CARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

William Prince filed suit against Kansas City Tree Care, LLC, alleging putative collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Alexandra Brown, Anthony Prince, Benjamin Reifel, Ronnie Prince, Stone Fincher and Troy Chappell have joined as plaintiffs.  This matter is before the Court on Plaintiffs' Motion For Summary Judgment (Doc. #76) filed January 4, 2023, defendant's Motion To Set Aside Order Pro Hac Vice For David I. Moulton To Serve As Attorney In The Above-Captioned Case (Doc. #83) filed February 1, 2023, and defendant's Motion To Amend The Pretrial Order (Doc. #89) filed February 10, 2023.  For reasons stated below, the Court sustains plaintiff's motion for summary judgment in part and overrules defendant's motions.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at

248.  A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence.  Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010).

In applying these standards, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment.  Dewitt v. Sw. Bell Tel. Co., 845 F.3d 1299, 1306 (10th Cir. 2018).  The Court may grant summary judgment if the nonmoving party's evidence is merely colorable or not significantly probative.  Liberty Lobby, 477 U.S. at 250–51.  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251–52.

## Factual Background

Defendant has attempted to controvert many of plaintiffs' facts and set forth additional facts, but most of defendant's responses and additional factual statements do not comply with D. Kan. Rule 56.1 or Fed. R. Civ. P. 56 and are insufficient for one or more of the following reasons:

1.  Many of defendant's responses do not specifically address the substance of the matter asserted, or they dispute plaintiffs' factual statements "in part" without clarifying what portion of the statement it admits and what portion it denies.[1]  Defendant's attempt to controvert facts in this manner is insufficient under D. Kan. Rule 56.1, which provides that all material facts set forth in

---

[1]      For example, plaintiffs' statement of fact number 17 states that "KC Tree has had employees working in California, Kansas, Kentucky, Louisiana and Missouri since 2017."  In support, plaintiffs cite Johnson's deposition testimony which states this fact nearly verbatim.  Zach Johnson Depo. at 103 ("Q: So you've got employees working for you in California and Kentucky, Missouri, Kansas, and Louisiana since 2017?"  "A: Correct.").  In response, defendant states as follows:

> Undisputed Fact No. 17 is admitted in part and disputed in part.  Zach Johnson testified that he did not pay workers in California but obviously he would pay workers in Kansas where his company is located.  Zach Johnson also testified that the Kentucky Job involved only subcontractors and sub-contractor crews, and there were no employees from Kansas City Tree, LLC, present in Kentucky.  While Mr. Johnson answered that Kansas City Tree Care, LLC, had employees working in Missouri and Louisiana since 2017, no documents were presented to him, and before the deposition is filed he would be required to review the records of the company and its' personnel in order to answer correctly whether any employees worked in Louisiana since 2017.  (Zach Johnson Deposition Page No. 83).

Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 7.  Defendant did not include Zach Johnson's deposition as an exhibit and page 83 is not included in the excerpts of the deposition that plaintiffs attached to their memorandum.  In any event, from the excerpts in plaintiffs' exhibit, Zach Johnson clarified that he has employees in Kentucky, Missouri, Kansas and Louisiana, but not in California.  See Zach Johnson Depo. at 75 ("I got one employee in Kentucky."); id. at 87 (crews work in Missouri and Kansas every day; we go to all 35 cities in Kansas City metropolitan area and work daily); id. at 103 (employees in Kentucky, Missouri, Kansas and Louisiana); id. (clarifying "I don't think that I had any payroll in California at all" because KC Tree is not licensed there and its employees actually worked for another company there).  From the deposition excerpts in plaintiffs' exhibit, defense counsel apparently lacked a good faith basis to dispute plaintiffs' statement of fact to the extent it stated that defendant had employees in Kansas, Kentucky, Louisiana and Missouri.  Moreover, defense counsel's argument that Zach Johnson's testimony on this issue somehow depended on a review of documents or a deposition errata sheet is misleading.  If Zach Johnson would have testified differently after reviewing documents, defendant should have cited and provided the relevant documents as an exhibit.  Likewise, if Johnson had completed a deposition errata sheet which clarified or corrected his testimony, defendant should have cited and included it.

the movant's statement shall be deemed admitted unless "specifically controverted" by the opposing party.   D. Kan. Rule 56.1(a).   Under D. Kan. Rule 56.1(e) and basic principles of persuasion, a responding party has a duty to fairly meet the substance of the matter asserted.   See D. Kan. Rule 56.1(e); see also D. Kan. General Practice Guidelines, Summary Judgment, No. 11 ("If a factual assertion is controverted only in part, the response should make clear which portion is controverted and which part is not controverted.").

2.      In response to some facts, defendant refers to its allegations but does not cite record evidence such as depositions, affidavits, stipulations, admissions, interrogatory answers or other authenticated materials.[2]   See Fed. R. Civ. P. 56(c)(1)(A).   Mere allegations are insufficient to create a genuine issue of disputed material fact.   See Liberty Lobby, 477 U.S. at 256 (to defeat summary judgment, non-movant must set forth specific facts).

3.      Some of defendant's statements in opposition to plaintiffs' statements of fact and all of defendant's numbered statements of fact fail to include citations to the factual record.[3]

---

[2]      For example, in response to plaintiffs' statement of fact number 1, defendant states that the statement omits that "emergency work is to remove hazardous debris from hurricane destruction sites threatening public health and safety."   Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 3.   In support, defendant cites the Report Of The Parties Planning Conference (Doc. #81-2), which includes only defendant's contentions as part of the case summary.

[3]      For example, plaintiffs' statement of fact number 2 states that "KC Tree did not keep records of hours worked by plaintiffs except in a handful of times as indicated in its payroll records.   Plaintiffs worked, on average, 12 hours per day."   Plaintiffs' Motion For Summary Judgment (Doc. #76) at 10 (citing declarations of four plaintiffs)   In response, defendant states as follows:

> Undisputed Fact No. 2 is disputed in part.   The weekly reports collected by the Supervisor on sight[sic], and sent to the office in Kansas City for check preparation did include the hours claimed by the workers.   These documents, however, were only retained for one year and then destroyed.   Further, the Defendant denies that

(continued . . .)

Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 11–12.  Under D. Kan. Rule 56.1(a), all factual statements shall refer with particularity to those portions of the record on which the non-movant relies.[4]  D. Kan. Rule 56.1(a), (b)(2); see Fed. R. Civ. P. 56(c)(1) and (3).  It is the non-movant's "burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record."  Cross v. The Home Depot, 390 F.3d 1283, 1290 (10th Cir. 2004) (quotation marks and citation

---

[3](. . . continued)

> the workers worked on an average twelve (12) hours per day as reflected in their respective Declarations.  In Plaintiff's Deposition of Zach Johnson, the owner of Kansas City Tree, LLC, testified under oath that the workers usually only worked until 6:00 p.m.  The monitoring firms would only allow the work to continue until it started getting dark.  Sometimes the workers would only work a ½ day. (Deposition of Zach Johnson, Page No. 75).

Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 7–8.  Zach Johnson's cited testimony does not address defendant's statement about its collection and retention of payroll documents, so the Court disregards that portion of defendant's response.

The Court also notes that Johnson's cited testimony does not directly dispute plaintiffs' statement that they worked an average of 12 hours per day.  See Johnson Depo. at 75 (plaintiffs "can only work till usually 6:00 o'clock" and "monitoring firms only let [them] work till, like, 6:00 because it starts getting dark and stuff").  Even so, in other uncited portions of his deposition, Johnson testified that he understood that plaintiffs started their shifts between 7:30 and 8:00 a.m. and worked until between 5:00 and 6:00 p.m., which is sufficient to dispute plaintiffs' statement that they worked on average 12 hours per day.  See id. at 118.

[4]      Defendant's failure to cite record evidence in support of its numbered statements of fact is compounded because several of the statements appear to be based on inadmissible hearsay.  See, e.g., Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81), ¶ 6 (William Prince "was alleged to have suggested" with no reference to who made allegation); id., ¶ 8 ("[a]ccusations were made against William Prince" with no reference to who made accusations).  At the summary judgment stage, evidence need not be submitted "in a form that would be admissible at trial."  Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193, 1199 (10th Cir. 2006) (quoting Celotex, 477 U.S. at 324).  Even so, the Court must have some indication that hearsay evidence ultimately can be presented at trial in an admissible form. Id.; see also Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1032, 1038 n.4 (D. Kan. 2006) (disregarding hearsay website printouts attached to summary judgment briefing).

omitted); see also Handy v. City of Sheridan, 636 F. App'x 728, 743 n.15 (10th Cir. 2016) (district court had no duty to review record independently for evidence not cited by pro se plaintiff that might negate summary judgment); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (judges not like pigs hunting for truffles buried in briefs).

4.       Defendant has included an unnumbered "Statement Of Facts," which is nearly two pages.  To support this lengthy factual statement, defendant includes a total of three citations— one at the end of each paragraph—with no pinpoint cites.  Under Rule 56.1(a) of the Local Rules, all references in factual statements shall be with particularity to those portions of the record upon which non-movant relies.  Defendant's broad references provide little aid to the Court or opposing counsel.  See Cross, 390 F.3d at 1290; see also Boldridge v. Tyson Foods, Inc., No. 05-4055-SAC, 2007 WL 1299197, at *2 (D. Kan. May 2, 2007) (duty of parties contesting motion for summary judgment to direct court to places in record where evidence exists to support their positions).[5]

The Court has no desire to make "technical minefields" of summary judgment proceedings, but neither can it permit laxness in the proper and timely presentation of proof.  Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993).  Despite the deficiencies in defendant's response to plaintiffs' factual statements and its own statements of fact, where the information is readily apparent in the summary judgment record, the Court has gone beyond defendant's citations (or lack thereof) in an attempt to properly set forth the facts in a light most favorable to defendant and to determine

---

[5]       For example, defendant's second paragraph in its "Statement Of Facts" refers to an individual who worked as a sub-contractor for Halliburton and that defendant became a sub-contractor for Halliburton, but the affidavit cited at the end of the paragraph does not mention Halliburton.

whether genuine issues of material fact preclude the entry of summary judgment for plaintiffs.[6]

The following material facts are uncontroverted, deemed admitted or, where controverted, viewed in the light most favorable to defendant, the non-movant.

Defendant provides disaster cleanup and tree services, including removing, pruning, cabling and bracing trees. In 2019, defendant employed the seven plaintiffs to clean up after storms and haul debris to local disposal facilities. Chappell also worked for defendant in 2020. As part of their jobs, plaintiffs operated machinery, performed manual labor and worked outdoors.

Plaintiffs regularly worked more than 40 hours in a week. Zachary Johnson owns KC Tree, which designated Johnson as its corporate representative under Rule 30(b)(6), Fed. R. Civ. P. Johnson does not know how many hours plaintiffs worked, but he understood that they started their shifts between 7:30 and 8:00 a.m. and worked until between 5:00 and 6:00 p.m.

In disaster areas where defendant hired workers to haul debris to a waste disposal site, it generally paid them (1) a day rate or (2) a piece rate per cubic yard of cleared storm debris. Defendant agreed to pay piece rates to William Prince and Anthony Prince.[7] Defendant agreed to pay Reifel a piece rate, but it never did so. Defendant never paid any worker who allegedly was

---

[6]     Even if a non-movant does not respond at all, the Court must determine whether the movant is entitled to summary judgment on the merits. See Fed. R. Civ. P. 56(e)(3).

[7]     Defendant's Answers To First Set Of Interrogatories To Kansas City Tree Care, LLC (Doc. #76-10), No. 2 ("William Prince worked for piece meal production at a rate of $1.00 per square[sic] for hauling debris with a daily advance of $475.00 debited against production collections all subject to withholding."); Johnson Affidavit (Doc. #81-3), ¶ 5 (employees paid either hourly, weekly salary or at $1.00 per yard of debris hauled; day rate advance to be debited toward final compensation calculated at $1.00 per yard). Plaintiffs testified and various paychecks support the conclusion that defendant actually paid all plaintiffs "day rates" that did not depend on the amount of debris hauled. Viewing the evidence in the light most favorable to defendant, however, defendant paid at least two plaintiffs (William Prince and Anthony Prince) piece rates. The parties agree that defendant did not pay plaintiffs a weekly guaranteed salary.

on a "per yard" contract a higher "per yard" amount for overtime hours.  Defendant's piece rate was a constant $1 per cubic yard, even when the worker worked more than 40 hours in a workweek.

Defendant did not keep records of hours worked by plaintiffs who agreed to a day rate or a piece rate, and it did not pay such individuals any overtime premium.[8]  Defendant did not have a written compensation agreement with any plaintiff and no collective-bargaining agreement applied.  Defendant did not specify an hourly regular rate of pay in any agreement with any plaintiff.  Defendant gave plaintiffs paychecks which ordinarily indicated a day rate without any notation of the number of cubic yards of debris that each plaintiff hauled to a disposal facility.  Defendant withheld payroll taxes from plaintiffs' paychecks, including Medicare, federal income, social security and Kansas state taxes.

At all relevant times, defendant's "annual gross volume of sales made or business done" exceeded $500,000, the FLSA's threshold for enterprise coverage.  Since 2017, defendant has had employees working in Kansas, Kentucky, Louisiana and Missouri.

To fulfill its contracts to remove debris caused by catastrophic weather events throughout the country, defendant's employees move goods or materials (phones, equipment, chain saws, gloves, tools, trucks and "all the things they need to do their job") back and forth across state lines.  Defendant's employees routinely handle or work with hard hats, boots, coveralls, eye protection, ear protection, knuckle booms, skid steers, bucket trucks, campers, excavators, chain saws, shovels, dump trucks and tub grinders.

Defendant knows about FLSA requirements.  Defendant knows that absent a statutory

---

[8]     For some limited time periods, defendant employed some plaintiffs on an hourly rate and paid overtime for those periods when plaintiffs were hourly employees.

exemption, FLSA overtime requirements are not suspended for disaster work. Even so, defendant believed that during disaster work, it was not required to pay overtime premiums to employees who agreed to be paid by the day or by the cubic yard of debris removed from the disaster site. See Johnson Depo. at 137–38. Defendant believed that overtime premiums were not required for such workers because the workers had agreed to—and often demanded—day rates or piece rates instead of an hourly wage. Id. at 138–39.

In 2015, Aaron Sullivan sued defendant for violating the FLSA, alleging that it owed him overtime pay because he was paid a day rate and worked more than 40 hours per week. After Sullivan's lawsuit, defendant continued to pay day rates and piece rates to workers in disaster areas.

On August 7, 2019, William Prince filed this putative collective action, asserting that defendant's daily rate compensation scheme violates the FLSA because defendant did not pay employees for overtime. On June 15, 2020, the Court conditionally certified plaintiff's collective action under Section 216(b) of the FLSA for the following class of persons: "All employees of KC Tree Care, LLC who were paid a day-rate with no overtime in the past three years." Memorandum And Order (Doc. #41) at 8.

## Analysis

William Prince and the remaining six opt-in plaintiffs seek summary judgment on the issues of liability, damages and defendant's affirmative defenses. Before evaluating plaintiffs' motion for summary judgment, the Court addresses defendant's motions which are related to plaintiffs' motion: its motion to disqualify plaintiffs' counsel and its motion to amend the pretrial order.

## I.        Defendant's Motion To Disqualify Plaintiffs' Counsel

Defendant asks the Court to disqualify one of plaintiffs' attorneys, David Moulton, from representing plaintiffs in this action because he submitted a declaration in support of plaintiffs' motion for summary judgment.  See Motion To Set Aside Order Pro Hac Vice For David I. Moulton To Serve As Attorney In The Above-Captioned Case (Doc. #83).

The Court reviews motions to disqualify with extreme caution because such motions can be misused as techniques of harassment.  Chapman Eng'rs, Inc. v. Natural Gas Sales Co., 766 F. Supp. 949, 954 (D. Kan. 1991).  Except as otherwise provided by a rule of this Court, the Kansas Rules of Professional Conduct provide the applicable standard of professional conduct.  See D. Kan. Rule 83.6.1.  Rule 3.7 provides that a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."  Kan. R. Prof'l Conduct 3.7 (exceptions where (1) testimony on uncontested issue; (2) testimony on nature and value of legal services in case; and (3) disqualification would work substantial hardship on client).

Defendant cites no authority for the Court to exclude counsel from all further representation in this case.  On its face, Rule 3.7 applies only to counsel acting as an "advocate at a trial."  See Lowe v. Experian, 328 F. Supp. 2d 1122, 1126 (D. Kan. 2004) (rule's primary purpose is to avoid jury confusion at trial).  Even if the Court limited defendant's motion as a challenge only to counsel's advocacy at trial, defendant has not shown that counsel should be disqualified.

As the moving party, defendant bears the burden to show that counsel is a "necessary witness" at trial under Rule 3.7.  LeaseAmerica Corp. v. Stewart, 19 Kan. App. 2d 740, 750, 876 P.2d 184, 192 (1994).  To do so, defendant must show that counsel's testimony on a material issue is not merely cumulative, i.e. no other witness could testify on the issue.  Id.; see Chapman, 766

-10-

F. Supp. at 958 (disqualification not required if testimony merely cumulative).  Defendant suggests that plaintiffs may call counsel as a witness at trial to testify about damages, specifically the regular rate of pay and the applicable overtime premium.  After the fact finder determines whether plaintiffs are entitled to overtime pay and the number of unpaid overtime hours, however, the Court ordinarily makes the legal determination of the regular rate of pay and the applicable overtime premium.  See Olibas v. Barclay, 838 F.3d 442, 451 (5th Cir. 2016).  In any event, defendant does not address whether plaintiffs' counsel is a necessary witness.  Counsel's affidavit merely summarizes data on employee paystubs and other documents for purposes of calculating damages.  Defendant has not shown that plaintiffs cannot present this same evidence either through a demonstrative exhibit at trial or through the testimony of each plaintiff.  The Court therefore overrules defendant's motion to exclude Mr. Moulton from further representation of plaintiffs in this case.

## II.    Defendant's Motion To Amend Pretrial Order

Defendant seeks leave to amend the pretrial order to (1) add factual allegations to support a defense that it acted in good faith so that any damages should be limited and (2) add a defense that the FLSA does not apply because plaintiffs were engaged in fire protection activities within the meaning of 29 U.S.C. § 203(y)(2).  Plaintiffs oppose defendant's motion because defendant has not met its burden to amend under Rules 15 or 16 of the Federal Rules of Civil Procedure.

Under Rule 16(d), Fed. R. Civ. P., the pretrial order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  A pretrial order may be modified "only to prevent manifest injustice."  Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).  A party seeking to amend the pretrial order has the burden to

demonstrate that manifest injustice would otherwise occur.  See id.  The Court exercises discretion in deciding whether to modify the pretrial order.  See id.; Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir. 2000).  In so doing, the Court considers the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) ability of the party to cure any prejudice; and (4) bad faith by the party seeking to modify the order.  See Koch, 203 F.3d at 1222.  In applying these factors, the Court must strive to assure "the full and fair litigation of claims."  Joseph Mfg. Co. v. Olympic Fire Corp., 986 F.2d 416, 420 (10th Cir. 1993).

An attempt to add a new claim or defense to the pretrial order is the equivalent of asking leave to amend the complaint or answer.  The Court therefore evaluates requests to amend claims or defenses in the pretrial order under the standards set forth in Rule 15(a).  Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006).  Under Rule 15(a), the Court considers similar factors as under Rule 16 and will generally deny leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.  See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).  Leave to amend is within the sound discretion of the Court.  See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  Rule 15(a) instructs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

A.   Factual Allegations To Support Defense That Defendant Acted In Good Faith

Defendant seeks leave to add factual allegations to support a defense that it acted in good faith so that any damages should be limited.  Defendant first seeks to modify its factual contentions

about the settlement of the FLSA claim brought by Aaron Sullivan.  Specifically, defendant seeks

to amend its contentions to replace "Sullivan, acting pro se, settled with KC Tree" with "Sullivan

settled with Kansas City Tree Care, LLC., without any finding of overtime violations under the

FLSA."  Plaintiffs have not identified any prejudice, surprise or bad faith on defendant's part in

seeking to add this clarifying information.  The Court therefore sustains defendant's motion in this

regard.[9]

Next, defendant apparently seeks to supplement its legal claims in the pretrial order as

follows:

> Kansas City Tree Care, LLC., denies that it violated or acted with disregard as to
> whether it was violating the FLSA.  Kansas City Tree Care, LLC., investigated and
> researched the manner of compensation options for their workers in order to avoid
> violating the overtime provision of the FLSA.  Kansas City Tree Care, LLC., did
> not engage in any willful plan or scheme to violate the overtime provisions of FLSA
> intentionally or negligently.

Motion To Amend The Pretrial Order (Doc. #89) at 1.

In addition to compensatory damages for any statutory violations, FLSA plaintiffs can

recover an equal amount as liquidated damages unless "the employer shows both that he acted in

good faith and that he had reasonable grounds for believing that his actions did not violate the

Act."  Evans v. Loveland Auto. Invs., Inc., 632 F. App'x 496, 498 (10th Cir. 2015) (quoting Doty

v. Elias, 733 F.2d 720, 725–26 (10th Cir. 1984)); see also 29 U.S.C. §§ 216(b), 260.  A defendant's

good faith and reasonable belief about compliance with the FLSA also is relevant to the statute of

limitations.  The FLSA two-year statute of limitations is extended to three years in cases of "willful

---

[9]      The last sentence of defendant's factual contentions on page 7 of the Pretrial Order
(Doc. #75) is amended to state that "Sullivan settled with Kansas City Tree Care, LLC., without
any finding of overtime violations under the FLSA."

violations."  29 U.S.C. § 255(a).

Plaintiffs argue that defendant should not be able to raise a good faith or limitations defense at this late stage.  Defendant did not assert a good faith or limitations defense as part of its "defenses" in the <u>Pretrial Order</u> (Doc. #75).  Even so, defendant's factual contentions in the <u>Pretrial Order</u> (Doc. #75) include that it "sought and followed legal and accounting advice for compensating Plaintiffs" and that it "acted in accordance with industry standards."  <u>Id.</u> at 7. Defendant's factual allegations also rebut plaintiffs' legal claim in the <u>Pretrial Order</u> (Doc. #75) that they are "entitled to liquidated damages . . . because KC Tree cannot show a good-faith basis for denying overtime pay."  <u>Id.</u>  Because plaintiffs assert a legal claim that defendant lacked good faith, it cannot show prejudice or surprise if defendant's legal theories are amended to include its good faith and limitations defenses.  The factual basis for defendant's assertion of good faith and a two-year limitations period is included in the current pretrial order and remains the same.  The Court therefore permits defendant to supplement its legal claims and defenses in this regard.[10]

B.    <u>Affirmative Defense Under 29 U.S.C. § 203(y)(2)</u>

Defendant also seeks to amend the pretrial order to assert an affirmative defense based on the exemption from FLSA requirements under 29 U.S.C. § 203(y)(2).  Section 203(y)(2) is part of the definition of "employee[s] in fire protection activities."  Plaintiffs object because defendant has not shown how the definition in Section 203(y) applies and its request is untimely.  Defendant

---

[10]    Defendant's legal claims and defenses on pages 7 and 8 of the <u>Pretrial Order</u> (Doc. #75) are supplemented to include: "Kansas City Tree Care, LLC., denies that it violated or acted with disregard as to whether it was violating the FLSA.  Kansas City Tree Care, LLC., investigated and researched the manner of compensation options for their workers in order to avoid violating the overtime provision of the FLSA.  Kansas City Tree Care, LLC., did not engage in any willful plan or scheme to violate the overtime provisions of FLSA intentionally or negligently."

-14-

offers no explanation why it did not raise this purported defense earlier. In any event, on the present record, defendant's attempt to raise this defense is frivolous.[11] The Court therefore overrules defendant's motion to amend to add a defense under Section 203(y)(2).

## III.    Plaintiffs' Motion For Summary Judgment

Plaintiffs seek summary judgment on (1) their claim that defendant violated the FLSA overtime premium requirements, (2) defendant's affirmative defense that it is exempt from FLSA requirements, (3) the amount of compensatory damages, (4) liquidated damages and (5) the statute of limitations.

### A.    Elements Of FLSA Claim

To prevail, plaintiffs must show by a preponderance of the evidence that (1) defendant is an employer and plaintiffs are employees as defined in the FLSA; (2) plaintiffs were engaged in commerce or production of goods for commerce or defendant was an enterprise engaged in commerce or in the production of goods for commerce and (3) defendant did not pay plaintiffs compensation for the hours that they worked over 40 in a week at a rate of 1.5 times their normal

---

[11]      Section 207(k) partially exempts "employee[s] in fire protection activities," who are employed by a "public agency." 29 U.S.C. § 207(k). Under this partial exemption, fire protection employees who do not work a normal pattern of 40-hour workweeks are not entitled to an overtime premium until they work 216 hours during a 28-day work period, i.e. an average of at least 7.71 hours per day. Zimmerli v. City of Kansas City, Mo., 996 F.3d 857, 862 (8th Cir. 2021) (citing 29 U.S.C. § 207(k)). Section 203(y) defines an "[e]mployee in fire protection activities" as one who (1) is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and (2) is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk. 29 U.S.C. § 203(y). Defendant certainly is not a "fire department of a municipality, county, fire district, or State." Id. It also has not shown that its employees were trained in fire suppression and had the legal authority and responsibility to engage in fire suppression. Even if defendant qualified as a covered entity under Section 207(k), it has not shown that plaintiffs did not exceed the statutory threshold to trigger the overtime premium requirements.

hourly rate.  29 U.S.C. § 207(a)(1); Li v. Roger Holler Chevrolet Co., No. 6:19-CV-1249-GAP-EJK, 2021 WL 4935673, at *2 (M.D. Fla. May 5, 2021); Perez v. Pinon Mgmt., Inc., No. 12-CV-00653-MSK-MEH, 2013 WL 1149567, at *7 (D. Colo. Mar. 19, 2013).  Defendant concedes that plaintiffs can establish the first element, but asserts that summary judgment is not warranted because plaintiffs cannot establish the second and third elements of their FLSA claim.

### 1.    Whether Defendant Was An Enterprise Engaged In Commerce

Under the second element, plaintiffs can establish FLSA coverage if (a) plaintiffs themselves were engaged in commerce or production of goods for commerce (individual coverage) or (b) defendant was an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage).  See 29 U.S.C. § 207(a)(1).  In assessing individual and enterprise coverage, Congress intended to "regulate only activities constituting interstate commerce, not activities merely affecting commerce."  Reagor v. Okmulgee Cnty. Fam. Res. Ctr., 501 F. App'x 805, 809 (10th Cir. 2012) (quotation marks and citation omitted); see 29 U.S.C. § 203(b).

Plaintiffs argue that they are entitled to summary judgment on the question of enterprise coverage because it is undisputed that defendant was an enterprise engaged in commerce.  To establish enterprise coverage, plaintiffs must show that defendant was an "[e]nterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 203(s)(1).  If so, every employee employed in such enterprise is protected unless specifically exempted in the FLSA, even if the individual employee asserting a claim is not actually engaged in commerce or in the production of goods for commerce.  29 C.F.R. § 1620.7.  An enterprise is "engaged in commerce or in the production of goods for commerce" if it (1) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person; and (2) the enterprise has annual gross volume of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1)(A).  Defendant concedes that plaintiff can satisfy the second element.

As to the first element, defendant suggests that the Court should not reach the issue on summary judgment because plaintiffs have not cited a Supreme Court case or shown that defendant's employees worked "on" goods or materials that had been moved in or produced for commerce.[12]  Plaintiffs have presented evidence that to fulfill its contracts to remove debris at sites throughout the country, defendant's employees move goods or materials (phones, equipment, chain saws, gloves, tools, trucks and "all the things they need to do their job") back and forth across state lines.  Defendant's employees also routinely handle or work with hard hats, boots, coveralls, eye protection, ear protection, as well as equipment including knuckle booms, skid steers, bucket trucks, campers, excavators, chain saws, shovels, dump trucks and tub grinders.  Defendant offers no explanation how—or cited evidence that—its employees' use and handling of

---

[12]      Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 22 ("The Opt-In Plaintiffs suggest that Kansas City Tree Care, LLC, is an Enterprise engaged in Interstate Commerce.  Perhaps it is.  Cases cited, however, have never reached a Supreme Court, and some of the cases are subject to fanciful interpretations of 29 U.S.C. § 203(s)(1)(A).  While [defendant] admits having gross income exceeding $500,000.00, much of which is earned locally, [the question] is whether workers were otherwise working 'on' goods or materials that have been moved in or produced for commerce by any person.").  Defendant also notes that the Supreme Court and the Tenth Circuit have not interpreted the enterprise coverage requirement, but it does not offer a suggested interpretation or explain how the record evidence is sufficient for this Court to conclude that a genuine issue of material fact exists whether it is covered.  Id. at 6 ("The definition of what constitutes Enterprise in Interstate Commerce has not been resolved by the United States Supreme Court.  There are various decisions by Federal Courts in Circuits around the Country; however, there needs to be an interpretation as a matter of Law "Enterprise Commerce" in the 10th District [sic].").

equipment (such as chain saws to clear storm debris) does not constitute work "on" such goods or materials.   In any event, defendant offers no evidence to rebut the record evidence (largely Johnson's testimony or its own admissions) that its employees used goods or materials which had moved in interstate commerce.  Because defendant's employees used good or materials which had moved in interstate commerce, they necessarily handled such goods or materials within the meaning of the statute.  See Donovan v. Pointon, 717 F.2d 1320, 1322–23 (10th Cir. 1983) ("Using" goods or materials which have moved in interstate commerce constitutes "handling" them within meaning of § 203(s); enterprise coverage established where employees readying raw land for actual building "handled" construction equipment and replacement parts which had moved in interstate commerce); see also 29 C.F.R. § 779.240 ("handling . . . or otherwise working on goods" includes employees who sort, screen, grade, store, pack, label, address, transport, deliver, print, type, or otherwise handle or work on the goods).[13]  The Court therefore sustains plaintiffs' motion for summary judgment on its claim that defendant was an enterprise engaged in commerce or in the production of goods for commerce for purposes of enterprise coverage under the FLSA.

### 2.    Whether Defendant Failed To Pay Plaintiffs Overtime Premium

Plaintiffs argue that they are entitled to summary judgment because defendant has not

---

[13]    Defendant argues that even though its "trucks and equipment were driven to the disaster sites," it "performed local work" at the actual sites.  Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 14.  Defendant cites no authority for its apparent suggestion that enterprise coverage requires that the employees who moved the trucks and equipment across state lines must be the same ones who handled or worked on the trucks and equipment.  In any event, such a conclusion is incorrect.  See Darling v. Frank, 125 F.3d 861 (Table), 1997 WL 633962, at *1 (10th Cir. 1997) ("Local business activities are subject to the [FLSA] when the enterprise employs workers who handle goods or materials that have moved in interstate commerce." (quoting Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689, 693 (4th Cir. 1990)).

raised a genuine issue of material fact whether it did not comply with the FLSA overtime premium requirements.  Defendant does not dispute that plaintiffs regularly worked more than 40 hours in a workweek.  Whether plaintiffs contracted for day rates or piece rates, defendant "admits it did not pay for overtime hours based upon its contract with William Prince and the other Opt-In Plaintiffs."  Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 8–9.  Because defendant admits that it did not pay plaintiffs an overtime premium for the hours they worked above 40 in a workweek, the Court grants plaintiffs summary judgment on the question whether defendant complied with the FLSA overtime premium requirements.

       B.      Whether Defendant Is Exempt From FLSA Requirements

Plaintiffs seek summary judgment on defendant's affirmative defenses that it is exempt from FLSA requirements under 29 U.S.C. §§ 207(f) and 207(g).   Because statutory exemptions under the FLSA are affirmative defenses, defendant bears the burden to show that an exemption applies.  See Scalia v. Paragon Contractors Corp., 957 F.3d 1156, 1165 (10th Cir. 2020).

Defendant first asserts that it is exempt from FLSA overtime requirements under Section 207(f) for employees working irregular hours.  Congress created this exemption to provide stable salaries for employees whose workweeks fluctuate and who would otherwise face financial burdens from below-normal workweeks.  See Donovan v. Tierra Vista, Inc., 796 F.2d 1259, 1260 (10th Cir. 1986) (citing Walling v. A.H. Belo Corp., 316 U.S. 624, 635 (1942)).  To satisfy the exemption for irregular work hours, defendant must establish that (1) it entered into such an agreement pursuant to a bona fide individual contract or collective bargaining agreement; (2) the duties of the employee necessitated "irregular hours of work;" (3) the contract specifies a "regular rate of pay" for the first 40 hours and "compensation at not less than one and one-half times such

-19-

rate" for all hours above 40; and (4) it provided a "weekly guarantee of pay" for not more than 60 hours.  Id. (quoting 29 U.S.C. § 207(f)).

Plaintiffs argue that they are entitled to summary judgment because defendant has not presented evidence on the third and fourth elements of its affirmative defense under Section 207(f). Defendant suggests that it will present testimony and evidence at trial to satisfy these elements, but it does not cite any record evidence.  See Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 19; see also id. at 6 ("whether an FLSA exemption applies is an intensely factual and case-specific question requiring a review of the actual duties performed by the Opt-In Workers, and the terms of the advance contract entered into between Kansas City Tree Care, LLC, and the Opt-In Plaintiffs."); id. at 19 ("Testimony and evidence will be required to show there was a bona-fide individual contract or Agreement, and that the employee's duties necessitated irregular work hours."); id. at 20 (what constitutes "weekly guarantee" is disputed). Defendant's assertion that it will present evidence at trial is insufficient to withstand summary judgment.  See Nahno-Lopez, 625 F.3d at 1283 (nonmoving party may not rest on pleadings but must instead set forth specific facts supported by competent evidence).

Defendant also ignores its stipulations that (1) it did not specify an hourly regular rate of pay in any agreement with any plaintiff claiming overtime and (2) it did not pay plaintiffs a weekly guaranteed amount or salary.  See Pretrial Order (Doc. #75) at 2.  Because defendant failed to present evidence to create a genuine issue of material fact on the third and fourth elements of its affirmative defense under Section 207(f), the Court sustains plaintiff's motion for summary judgment on this defense.

Defendant also asserts that it is exempt from FLSA overtime requirements under

Section 207(g)(1), which applies to certain employers who pay piece rates rather than hourly wages.[14]  Section 207(g)(1) provides that in the case of an employee employed at piece rates, an employer does not violate the overtime premium provisions "if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of [40 hours]" is "computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours."  29 U.S.C. § 207(g)(1).

Plaintiffs argue that they are entitled to summary judgment on the piece rate exemption because defendant has not presented evidence that (1) it ever paid piece rates and (2) even if it did pay piece rates, it paid a higher piece rate (i.e. 1.5 times the regular piece rate) for overtime hours. Defendant has presented evidence that plaintiffs understood that they would be paid a piece rate ($1.00 per cubic yard) and that despite the fact that paychecks referred to day rates, defendant intended to pay at least some plaintiffs a piece rate.  This evidence creates a genuine issue of material fact whether defendant paid plaintiffs day rates or piece rates.  Even if defendant is correct that it paid plaintiffs piece rates, however, it has not cited evidence that it ever paid plaintiffs a

---

[14]        Section 207(g) has three alternative subsections that an employer can invoke. Defendant does not explain which subsection applies, or how.  In any event, defendant does not dispute plaintiffs' argument that subsection (1) is the only subsection that potentially applies. Likewise, the Court finds no basis to apply subsection (2) or (3).  See 29 U.S.C. § 207(g)(2) (employer must show that plaintiffs performed "two or more kinds of work for which different hourly or piece rates have been established"); 29 U.S.C. § 207(g)(3) (employer must show that it paid plaintiffs overtime at rate not less than one and one-half times the rate established by an "agreement or understanding as the basic rate to be used in computing overtime compensation thereunder" provided the "rate so established shall be authorized by regulation by the Administrator as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time").

higher piece rate for overtime hours.  Indeed, defendant concedes that it agreed to pay plaintiffs $1.00 per cubic yard of debris with no premium if an employee worked more than 40 hours in a week.  Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 8; Johnson Depo. at 75 (pay was "per cubic yard" with no extra amount for working over 40 hours). Defendant has not presented evidence to create a genuine issue of material fact whether it paid plaintiffs a higher piece rate when they worked more than 40 hours in a week.  The Court therefore sustains plaintiff's motion for summary judgment on defendant's affirmative defense that it is exempt under Section 207(g) of the FLSA.

C.     Compensatory Damages

Plaintiffs argue that based on the assumption that plaintiffs worked an average daily shift of 12 hours, they are entitled to summary judgment in the amount of $23,822.54 for compensatory damages.  Plaintiffs have submitted their own declarations which state that they worked an average of 12 hours per day.  As noted above, however, Johnson testified that he understood that plaintiffs started their shifts between 7:30 and 8:00 a.m. and worked until between 5:00 and 6:00 p.m., which is sufficient to raise a genuine issue of material fact whether plaintiffs worked on average 12 hours per day.  The Court therefore overrules plaintiffs' motion for summary judgment on the amount of compensatory damages.

D.     Liquidated Damages

Plaintiffs argue that they are entitled to summary judgment on their claim for liquated damages in the same amount as compensatory damages.  In addition to compensatory damages, FLSA plaintiffs can recover an equal amount as liquidated damages unless "the employer shows both that he acted in good faith and that he had reasonable grounds for believing that his actions

did not violate the Act." Doty, 733 F.2d at 725–26; see also 29 U.S.C. §§ 216(b), 260.  To satisfy

this exception, an employer must present evidence that it had an "honest intention to ascertain and

follow" the FLSA and an objectively reasonable basis for its belief that its conduct was lawful.

Dep't of Lab. v. City of Sapulpa, Okla., 30 F.3d 1285, 1289 (10th Cir. 1994) (quotation marks and

citation omitted).

In response to plaintiffs' motion for summary judgment, defendant asserts opaque

arguments about acting in good faith, but cites no evidence to support its assertions that it sought

and acted reasonably on the advice of accountants and attorneys.[15]  See Pretrial Order (Doc. #75)

at 7 (defendant alleges that it "sought and followed legal and accounting advice for compensating

[p]laintiffs").  From a review of excerpts of Johnson's deposition, defendant apparently concluded

that because others in the industry were not paying an overtime premium for day rate and piece

rate employees, it had no obligation to do so.  The fact that other companies do not pay overtime

---

[15]     Defendant argues as follows:

Plaintiffs claim [that] an award of liquidated damages is mandatory, which goes in
the face of the Standards of the Industry, and would curtail important emergency
work performed by the Defendant in the wake of natural disasters causing
catastrophic damages, threatening the health, safety and lives of the victims in the
damage area.  The suggestion that Zach Johnson and Kansas City Tree Care, LLC,
is ignorant of the FLSA for complying with such standards set by the massive
Emergency Industry overseen by FELA and State Governments, with strict
guidelines and standards, is departure from reality.  Evidence of Kansas City Tree
Care, LLC, investigation and advice of accountants and attorneys in an effort to
comply with "overtime" compliance, and good faith, and reasonable reliance upon
the guidelines of the Industry.  Kansas City Tree Care, LLC, operates its' business
side by side with the largest sub-contractors and operators connected with
Halliburton, one of the largest corporations in the World in dealing with
catastrophic weather events.

Defendant's Response To Plaintiff's Motion For Summary Judgment (Doc. #81) at 24–25.

premiums in similar circumstances does not create a genuine issue of material fact whether defendant had an objectively reasonable basis to believe that it did not have such an obligation. The Court therefore sustains plaintiffs' motion for summary judgment on the issue of their entitlement to liquidated damages in the same amount as compensatory damages.

E.      Statute Of Limitations

The FLSA sets a two-year statute of limitations in which to bring a cause of action for unpaid minimum wages, unpaid overtime compensation or liquidated damages.  29 U.S.C. § 255(a).  In the case of "willful violations," the FLSA extends the limitations period to three years. Id.  To show a willful violation, plaintiffs must show that the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).  Plaintiffs can establish willfulness if they show that the employer knew the FLSA was "in the picture" and possibly applied to its employees but marched forward with apparent disregard.  Donovan, 717 F.2d at 1323 (quoting Mistretta v. Sandia Corp., 639 F.2d 588, 595 (10th Cir. 1980)).

Plaintiffs argue that they are entitled to summary judgment that defendant's violations of the FLSA overtime premiums were willful.[16]  Defendant stipulated that it knows about the FLSA and its requirements.  Defendant also understands that absent a statutory exemption, the FLSA overtime requirements are not suspended for disaster work.  Moreover, as explained above on the issue of liquidated damages, defendant cites no evidence that it sought and acted reasonably on the

---

[16]      Plaintiffs also argue that because defendant did not assert the affirmative defense in the pretrial order, the three-year limitations period applies.  As explained above, the pretrial order is amended so that defendant can raise this defense.  Even so, defendant has not presented evidence to withstand summary judgment on this defense.

advice of accountants and attorneys.  In sum, defendant has not presented evidence which creates a genuine issue of material fact whether it willfully violated the FLSA.  The Court therefore sustains plaintiffs' motion for summary judgment on this issue.

**IT IS THERFORE ORDERED** that <u>Plaintiffs' Motion For Summary Judgment</u> (Doc. #76) filed January 4, 2023, is **SUSTAINED in part**.  **The Court sustains plaintiffs' motion and grants summary judgment in favor of plaintiffs on the following: (1) plaintiffs' claim that defendant violated the FLSA because it failed to pay overtime premiums for hours in excess of 40 in a workweek, (2) defendant's affirmative defenses that it is exempt under the FLSA from paying overtime premiums, (3) plaintiffs' entitlement to liquidated damages in the same amount as compensatory damages and (4) a three-year statute of limitations applies to plaintiffs' claims because defendant's violations of the FLSA were willful.  The Court overrules plaintiffs' motion on the amount of compensatory damages, which is the only issue that remains for trial.**

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Set Aside Order Pro Hac Vice For David I. Moulton To Serve As Attorney In The Above-Captioned Case</u> (Doc. #83) filed February 1, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Amend The Pretrial Order</u> (Doc. #89) filed February 10, 2023 is **SUSTAINED in part as noted above**.

Dated this 9th day of March, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

-25-