# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM PRINCE, Individually and for Others Similarly Situated,<br><br>v.<br><br>KANSAS CITY TREE CARE, LLC | Case No. 2:19-cv-02653-KHV-JPO |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

**1.     Summary.**

Prince won summary judgment for himself and the other plaintiffs in this Fair Labor Standards Act (FLSA) case. To do so, Prince's lawyers spent a great deal of time and money because KC Tree stubbornly refused to concede. Prince won and is now entitled to attorneys' fees and costs under the law. 29 U.S.C. § 216(b).

**2.     The parties consulted under Local Rule 54.2.**

Shortly after the Court entered judgment, the parties exchanged correspondence and had numerous conversations about fees and expenses. These consultations included written correspondence on March 27, 28, 30, and 31 and April 3, and telephone conferences on March 29, 31, and April 1. These communications included discussions about summaries prepared by Plaintiffs, other fee awards obtained by Plaintiffs' counsel, and a recent publication about reasonable attorney fee rates in Kansas City. Despite Plaintiffs' efforts to continue negotiations, KC Tree has not responded to calls and emails since the parties' last telephone conference on April 1. The parties are unable to agree on fees and costs. Ex. 2, Decl. of David I. Moulton at ¶5.

**3.    The standard for reasonable attorneys' fees is the lodestar amount.**

Unlike most fee-shifting statutes, the attorney fee award under the FLSA is mandatory. *Compare* 29 U.S.C. § 216(b) (stating the court "shall" award fees) *with* 42 U.S.C. § 1988(b) (noting the court "may" award fees "in its discretion"). The Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

Plaintiffs' counsel who successfully pursue wage and hour claims "must be adequately compensated for their efforts," otherwise "wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Prasker v. Asia Five Eight LLC*, No. 08-CV-05811, 2010 WL 47600, at *6 (S.D.N.Y. Jan. 6, 2010); *see also Sand v. Greenberg*, No. 08-CV-07840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

In the Tenth Circuit, courts must apply the lodestar the method to calculate statutory fees, which is the mathematical product of the hours Plaintiffs' counsel reasonably spent on the litigation times their reasonable hourly rates. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998). A reasonable hourly rate is determined with reference to the prevailing hourly rate in the community for similar services by lawyers of comparable experience, skill, and reputation. *Eichenwald v. Krigel's, Inc.*, No. 94-2292-JWL, 1996 WL 157223, at *2 (D. Kan. Mar. 14, 1996).

The lodestar method is intended to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying

client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis original). The fee applicant bears the burden of proof on this issue. *Case,* 157 F.3d at 1249.

However, Plaintiff's Counsel "is not required to record in great detail how each minute of his time was expended," but should "at least identify the general subject matter of his time expenditures." *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1255 (D. Kan. 2017) (citing *Hensley v. Eckerhart,* 461 U.S. 424*,* 437 n. 12 (1983)). The "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). After all, a request for attorney's fees should not "result in a second major litigation." *Hensley*, 461 U.S. at 437.

After the lodestar is calculated, the court may increase or decrease the lodestar based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989). The *Johnson* factors are: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) the award in similar cases. *Johnson,* 488 F.2d at 717–19.

However, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee," *Pennsylvania v. Delaware Valley Citizens' Council for Clean*

3

*Air*, 478 U.S. 546, 566 (1986). *See also Hensley*, 461 U.S. at 434 n. 9 (1983) ("many of the [*Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."). For example, the customary hourly fee (*Johnson* factor #5) is redundant of the prevailing hourly rate used in determining the lodestar, and is further likely to be influenced by (#3) the level of skill necessary to perform the services, (#6) whether the fee is fixed or contingent, (#7) time limitations, (#8) the amount to be obtained, (#9) the reputation of the attorneys, and (#10) the undesirability of the case. *Copeland v. Marshall*, 641 F.2d 880, 890 (D.C. Cir. 1980). Similarly, the novelty and difficulty of the issues (#2) "presumably [are] fully reflected in the number of billable hours recorded by counsel," *Kenny A. ex rel. Winn*, 559 U.S. at 553, as is obviously the time and labor involved (#1).

"The Supreme Court has [held] that there is a 'strong presumption' that the lodestar figure, without adjustment, is the reasonable fee award." *Kenny v. Perdue,* 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562, (1992); *Del. Valley Citizens' Council for Clean Air,* 478 U.S. at 565). The lodestar is presumptively reasonable and should be modified only in are rare circumstances. *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A party challenging the amount of attorney's fees must explain why or how the requested fees are unreasonable. *See Wegner v. Standard Ins. Co.,* 129 F.3d 814, 823 (5th Cir. 1997); *HCC Aviation Ins. Grp., Inc. v. Emp'rs Reinsurance Corp.,* 2008 WL 850419, at *7 (N.D. Tex. Mar. 21, 2008) ("without objections to specific entries, Respondent has not shown that the entries are unreasonable."). "Without detailed information explaining why or how the total number of hours or the rates are unreasonable, an objection to a fee request does not constrain the

4

court's discretion." *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 501 (5th Cir. 2001); *James v. City of Dallas,* 2005 WL 954999, at *2 (N.D. Tex. Apr. 25, 2005).

**4.     Plaintiffs' counsel's lodestar is $161,522 after exercising billing judgment.**

| Timekeeper | Hours Worked | Rate | Fee |
|---|---|---|---|
| David I. Moulton | 306.2 | $450 | $137,790 |
| Richard J. (Rex) Burch | 13.3 | $700 | $9,310 |
| Richard Schreiber | 28.8 | $425 | $12,240 |
| Sonia Galicia | 1.6 | $125 | $200 |
| Taylor Jones | 6.1 | $325 | $1,982.50 |
| **TOTAL** | **360.4** |  | **$161,522** |

Ex. 1 at 1.

**5.     Prince's Counsel's rates are reasonable.**

A reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to ... as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see Kenny A*., 559 U.S. at 551 (noting that the aim of fee-shifting statutes is to approximate "the prevailing market rates in the relevant community") (internal quotations and citation omitted).

Plaintiffs seek hourly rates of $700 for Richard J. Burch, managing shareholder of Bruckner Burch PLLC, $450 for David I. Moulton, a lawyer with over 17 years of extensive experience litigating wage and hour matters, $425 for Richard Schreiber, a 16-year lawyer with many years of wage and hour experience, $325 for Taylor Jones, a 7-year lawyer, and $125 for paralegal work. Ex. 1 at 1-29; Moulton Decl. at ¶¶13-14. These rates are reasonable given the level of skill and reputation possessed by the attorneys who worked on Prince's behalf. *See Cormier v. Turnkey Cleaning Servs. LLC*, No. 6:15-CV-2076, 2018 WL 5288824, at *4 (W.D. La. Oct. 22, 2018) (Bruckner Burch's "skill, knowledge, reputation and experience is well-recognized in FLSA cases such as this"); *Kurgan v. Chiro One Wellness Centers LLC,* 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015) (Bruckner Burch's lawyers are "among the most experienced and best regarded in this specialized practice area[.]"); *Girault v. Supersol 661 Amsterdam, LLC*, 2012 WL 2458172, *2 (S.D.N.Y. June 28, 2012) (Bruckner Burch lawyers "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions"); *Diaz v. Scores Holding Co.*, 2011 WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (Bruckner Burch employs "experienced employment lawyers with good reputations among the employment law bar"); *Schmidt v. Smith & Wollensky, LLC,* 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (referring to Bruckner Burch as "qualified" and "highly experienced attorneys"); Dirks Decl. at ¶5 (Bruckner Burch is "well-recognized on a national level as one of the leading wage and hour firms in the country.").

Richard J. (Rex) Burch of Bruckner Burch has served as lead counsel in several important wage and hour cases. Ex. 3, Burch Decl. at ¶11 (citing, *inter alia Waters v. Day &*

*Zimmermann NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022) (holding, as matter of first impression, federal rule governing territorial limits of effective service did not limit district court's personal jurisdiction over nonresidents' opt-in claims); *Hinkle v. Phillips 66 Co.*, 35 F.4th 417, 418 (5th Cir. 2022) (FLSA plaintiffs not required to arbitrate based on arbitration agreement with staffing company); *Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393 (5th Cir. 2022) (same); *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017) (reversing the district court's erroneous interpretation of the FLSA's "salary basis" test); *Roussell v. Brinker Intern., Inc.*, 441 Fed.Appx. 222 (5th Cir. 2011) (affirming jury verdict in favor of class of waiters in FLSA tip credit case); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (finding, as a matter of first impression, that hourly nurse practitioners and physician assistants are entitled to overtime pay). He lectures and writes about the FLSA, and courts cite his writings. *Id.* at ¶ 7 (*Parker v. ABC Debt Relief, Ltd. Co.*, 2013 WL 371573 (N.D. Tex. Jan. 28, 2013) & *Zavala v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 295, 327 (D.N.J. 2005) (both citing Richard J. Burch, A Practitioner's Guide to Joint Employer Liability under the FLSA, 2 HOUS. BUS. & TAX. L.J. 393 (2002)).

David I. Moulton is a 2005 graduate of University of Houston Law Center. Moulton Decl. at ¶2. He has exclusively represented plaintiffs in hundreds of collective and class action wage and hour matters. *Id.* Notable cases include: *Halle v. Galliano Marine Serv., L.L.C.*, 855 F.3d 290, 292 (5th Cir. 2017) (reversing summary judgment finding remotely operated vehicle operators were exempt seamen); *Jones v. A&D Interests, Inc., d/b/a Heartbreaker's Gentlemen's Club*, 2020 WL 1068186 (S.D. Tex. Apr. 6, 2020) (judgment against club and its owner in favor of former exotic dancer for unpaid minimum and overtime wages, return of fees and tip outs, attorney's fees, costs, and interest); *Martinez v. Utilimap Corp.*, AAA No. 01-15-0004-6935, Oct.

7

24, 2018 (Jeffrey L. Taren, arb) (clause construction award finding arbitration agreement allowed for class actions). Mr. Moulton also speaks Spanish and Portuguese, which has enabled him to effectively represent some of the lowest-paid and most vulnerable workers. Moulton Decl. at ¶4.

Over a decade ago, Mr. Dirks was awarded $400 per hour for work done 12-17 years ago in a highly-contested FLSA fee petition in the District of Kansas. Ex. 4, Dirks Decl. at ¶9; *Garcia v. Tyson Foods, Inc.*, 06-cv-2198, Doc. 1105 (D. Kan. Nov. 29, 2012). And most recently, Mr. Dirks' FLSA work was crosschecked at $700 per hour. *Id.*; *Woods v. Caremark PHC, LLC*, 4:14-cv-583-SRB (W.D. Mo.). Several additional prior awards support Counsel's hourly rates. *See Thomas v. Houston Circle of Hope Services, Inc.*, No. 4:20-cv-00769 at ECF 66, 67 (S.D. Tex. Mar. 14, 2023) ($700 for Richard J. Burch; $450 for David I. Moulton); *Davis v. Footbridge Eng'g Servs., LLC*, 2011 WL 3678928, *3-4 (D. Mass. Aug. 22, 2011) ($565 for Richard J. Burch) (contested fee motion); *Pefanis v. Westway Diner, Inc.*, Case 1:08-cv-0002-DLC (S.D.N.Y.) ($565 for Richard J. Burch); *Hoenemier v. Sun Microsystems, Inc.*, Case No. 1:06CV-71531 (Santa Clara County, CA) ($565 for Richard J. Burch); *Onix Cornejo v. SY Food, Inc.*, No. CIV. A. H-07-2571, 2009 WL 3013519, at *2–3 (S.D. Tex. Sept. 17, 2009) ($225 for David I. Moulton when he had less than 4 years of experience)(contested fee motion); *Gore v. Peak Systems, Inc.*, No. 1:20-cv-3771 at ECF 37 (S.D.N.Y.) (David I. Moulton requested $500 in uncontested settlement that was approved); *Pierce v Apache Corp.*, No. 4:18-cv-1803 at ECF 32, 35 (S.D. Tex.) (David I. Moulton requested $450 in brief supporting settlement, dismissed after court reviewed settlement). Moulton Decl. at ¶12. Plaintiff's counsel's requested rates are reasonable.

Published studies confirm the reasonableness of Plaintiffs' counsel's fees. For example, Counsel's rates are well within the customary rates for lawyers in Kansas City. *See* Ex. 5, Missouri Lawyers Media, *Billing Rates 2022*, November 2022 at 5. Mr. Moulton's rate is also considerably less than the USAO Attorney's Fees Matrix, which for 2020-2021 listed $591 as the hourly rate for lawyers with 16-20 years of experience. Ex. 6, USAO Attorneys' Fees Matrix, 2015-2021 at 2.



Counsel's rates conform with hourly rates found to be reasonable in this District. *See, e.g.*, *M.B. v. Howard*, 555 F. Supp. 3d. 1047, 2021 WL 3681084, at *7, 14 (D. Kan. 2021) (noting that "cases assessing [the District of Kansas] market have found hourly rates between $175 to $625 reasonable based on the attorney's experience for litigation."); *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 6343292, at *16–17 (D. Kan. Oct. 29, 2020) (finding reasonable rates for 2020 in Kansas City were $625 per hour for partner with 27 years' experience, $425 per hour for counsel with 13 years' experience, $350 per hour for associate with seven years' experience); *Townley v. Servicemaster Co., LLC*, No. 17-2430-DDC-JPO, 2017 WL 5517948, at *2 (D. Kan. Nov. 17, 2017) (finding reasonable rates for 2017 were $450 per hour for lawyer with 18 years' experience, $325 for lawyer with 6 years' experience); *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1263 (D.

9

Kan. 2017) (approving hourly rates of $350 and $360 for work performed in 2014, $350 and $375 for work performed in 2015, and $375 and $400 for work performed in 2016)); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016) (finding, in 2016, reasonable "hourly rates ranging from $325.00 per hour for lead counsel, $350.00 per hour for a firm partner, [and] $200.00 per hour for an associate attorney"); *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *10 (D. Kan. Aug. 18, 2015) (finding, in 2015, hourly rates ranging from $180 to $425 reasonable, depending on each attorneys' level of experience, in an FLSA case).

Plaintiffs' rates are reasonable for lawyers in Kansas City with comparable experience, skill, and reputation.

**6.    The requested hours are reasonable.**

**A.    Prince's Counsel's time is adequately documented.**

A fee applicant satisfies its burden of proving the number of hours reasonably spent on the litigation by submitting "meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1261 (D. Kan. 2017) (citing *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214-15 (10th Cir. 2000). "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time. *Id.* (citing *Case v Unified Sch. Dist. No. 233 Johnson City., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Although counsel "is not required to record in great detail how each minute of his time was expended," counsel should, at a minimum, "at least identify the general subject matter of his time expenditures."

10

*Hensley*, 461 U.S. at 437 n. 12. Exhibit 1 contains Plaintiffs' Counsel's contemporaneous time records regarding the hours expended on this case. Ex. 1, at 1 (Fees Summary Section); Ex. 1 at 2-29 (Fees Itemization Section); Moulton Decl. at ¶¶7. These records reflect the dates, attorney (or paralegal), time involved, the nature of the services performed, and the adjustments made in the exercise of billing judgment. Ex. 1 at 1-29; Moulton Decl. at ¶7.

Plaintiff's Counsel's time records are properly billed in .1 increments. *Bell v. Turner Recreation Comm'n*, No. 09-2097-JWL, 2010 WL 126189, at *5 (D. Kan. Jan. 8, 2010) (citing *Glover v. Heart of America Mgmt.*, Co., 1999 WL 450895, at *7 n. 8 (D. Kan. May 5, 1999) ("quarter-hour billing in the Kansas City legal market has been virtually extinct for some time.").

In reviewing billing records, the Court's inquiry should not be made with the benefit of hindsight, but rather answer the question of whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures. *DeCurtis v. Upward Bound Int'l, Inc.,* 2011 WL 4549412, at *8 (S.D.N.Y. Sept. 27, 2011) *(*quoting *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir.1992)); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 825 (S.D. Tex. 2008) ("[S]ince a reasonable attorney's fee is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' the determination is not based on 'whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"); *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *12 (N.D. Tex. Jan. 14, 2016) ("The Court should not evaluate whether

11

hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.").

Prince's lawyers kept contemporaneous time records of the work they performed. *See* Moulton Decl. at ¶7. As evidenced by these records, this case was reasonably staffed. *Id.*; Dirks Decl. at ¶6. Prince's counsel staffed this case initially with Richard Schreiber and Taylor Jones. Ex. 1. Early in the case, Mr. Moulton and Mr. Burch took over. *Id.* Accordingly, the case was staffed appropriately with two attorneys, with the vast majority of the work done by Mr. Moulton. Ex. 1.

The hours incurred in this case were necessary, but unfortunately much greater than they otherwise would have been because KC Tree contested everything possible. KC Tree: unsuccessfully moved to dismiss Plaintiffs' complaint, opposed class certification, failed to produce court-ordered documents that resulted in a show-cause hearing, failed to timely respond to discovery, failed to timely respond to court-ordered settlement discussions, required numerous continuances and extensions, and took unreasonable litigation positions. Moulton Decl. at ¶9. KC Tree claimed it did not employ Plaintiffs, denied enterprise coverage under the FLSA, denied Plaintiffs worked overtime, claimed it paid piece rates when it really paid Plaintiffs day rates, and claimed Plaintiffs were exempt under two exemptions that are not commonly raised. *Id.* KC Tree unsuccessfully moved to decertify the class and disqualify Plaintiffs' counsel. *Id.* KC Tree's efforts, none of which were ultimately successful, greatly multiplied the fees Plaintiffs incurred. *Id.* It also caused Counsel to not be able to work on other matters. Moulton Decl. at ¶9; Burch Decl. at ¶16.

Despite all this, Plaintiffs "efficiently and professionally handled this matter." Dirks Decl. at ¶5. Moreover, Plaintiffs have voluntarily written off $24,157 of their time**, including the entire lodestar of Williams Dirks Dameron LLC**. Ex. 1 at 1; Moulton Decl. at ¶7; Dirks Decl. at ¶8.

### B. Prince's counsel exercised proper billing judgment.

In reviewing a fee applicant's billing records, the court considers whether the attorneys demonstrated proper billing judgment by excluding hours that were "excessive, redundant, or otherwise unnecessary[.]" *Hensley,* 461 U.S. at 434. Prince's counsel's time records demonstrate that they properly exercised billing judgment. The records reflect time written off or written down for hours worked that were unproductive, excessive, or redundant. For example, Mr. Moulton wrote off 23 hours of time and Mr. Burch wrote off 1.5 hours. Ex. 1 at 1. In addition, Mr. Dirks, who served as local counsel, wrote off the entire lodestar from his firm, even though he represented Plaintiffs in court hearings, participated in briefing, filed pleadings, and strategized with Plaintiffs. In total, counsel wrote off **$24,157.50** in fees in properly exercising billing judgment. Ex. 1 at 1; Dirks Decl. at ¶¶4, 9.

## 7. There are no reasons for further reduction of Prince's counsel's fees.

### A. Prince's degree of success is outstanding.

The "most critical [*Johnson*] factor in determining an attorney's fee award is the degree of success obtained." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.,* No. 17-MD-2785-DDC-TJJ, 2021 WL 5369798, at *4 (D. Kan. Nov. 17, 2021). Here, Plaintiffs' success could hardly be higher. They were awarded essentially all their unpaid back wages, plus 100% of their liquidated damages for the full three-year limitations period reserved

for willful claims—and they did so following summary judgment, without the burden of a trial. Doc. 103.

### B.  Proportionality between damages and attorney's fees.

Prince and the other Plaintiffs were collectively awarded $37,303.48. Doc. 103. Prince seeks fees in the amount of $161,522. Ex. 1 at 1. The ratio between the fees incurred and the amount of Prince's recovery provides no basis for a reduction of the fees sought.

To start, both the Supreme Court and the Tenth Circuit expressly reject a rule of proportionality between damages and attorneys' fees. *City of Riverside v. Rivera,* 477 U.S. 561, 576 (1986); *Garcia v. Tyson Foods, Inc.,* 770 F.3d 1300, 1311 (10th Cir. 2014). Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples. *Garcia*, 770 F.3d at 1311 (confirming attorneys' fee award of $3.4M, almost 7 times the jury award); *Roussel v. Brinker Intern., Inc.,* 2010 WL 1881898 at * 11 (S.D. Tex., Jan. 13, 2010) (awarding attorneys' fees of over $1.5 million on judgment of $272,000) (multiple of 5.5). An attorney's fee award is not unreasonable simply because it exceeds by a large multiple the amount recovered by the plaintiff. *Estate of Borst v. O'Brien*, 979 F.2d 511, 517 (7th Cir. 1992) (attorney's fee award 47 times plaintiff's recovery not unreasonable).

After all, the purpose behind the nondiscretionary fee-shifting provisions of the FLSA is to encourage attorneys to accept wage cases on behalf of low-wage workers where the attorneys' fees will likely exceed any possible recovery. *See Urnikis-Negro v. Am. Family Prop. Servs., Inc.*, 2009 WL 212122, at *4 (N.D. Ill. Jan. 26, 2009). "Recoveries in individual FLSA suits … typically are modest; they involve cases in which a law-flouting employer has, in

14

essence, tried to nickel-and-dime his employee. With that backdrop limiting recoverable fees when a plaintiff recovers relatively modest damages in a FLSA case would create a significant disincentive for lawyers to take on such litigation, which in turn would undermine Congress' intent …" *Id.*

Thus, it is no surprise that Courts regularly approve fees in FLSA cases well in excess of the damages recovered. *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (affirming award of $7,680 in overtime compensation and $40,000 in attorneys' fees.) (5.21 multiple); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and $9,250 in attorneys' fees) (7.83 multiple); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $18,455 in damages and $100,000 in attorneys' fees) (5.42 multiple); *Lucio–Cantu v. Vela,* 239 Fed.Appx. 866 (5th Cir.2007) (district court did not abuse its discretion in awarding $51,750 in attorneys' fees under FLSA when plaintiffs recovered $3,349.29, $52.50, and $1,296.00 [total of $4697.79] respectively) (11.02 multiple). Here, the proposed fee award is well within the range of fees that have been awarded by the courts in FLSA cases.

**C.     Fees on Fees.**

Prince is entitled to recover attorneys' fees incurred in litigating and establishing his entitlement to fees. It is settled that a prevailing party under a fee-shifting statute may recover its reasonable attorneys' fees "for the effort entailed in litigating a fee claim and securing compensation." *Calix v. Ashton Marine LLC*, 2016 WL 4194119, at *9 (E.D. La. July 14, 2016), *report and recommendation adopted,* 2016 WL 4180977 (E.D. La. Aug. 8, 2016). Courts, including the Tenth Circuit, consistently hold attorney's fees and expenses may be awarded under

15

statutory fee authorizations for litigating the issue of a reasonable fee. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986); *Johnson v. State of Mississippi*, 606 F.2d 635, 637-39 (5th Cir. 1979); *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978); *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir.), *cert. denied*, 444 U.S. 880 (1979); *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980). Accordingly, Prince is entitled to the fees associated with preparing this fee petition.

**8.     Costs and expenses should also be awarded.**

An award of reasonable attorneys' costs and expenses is also mandatory. *See* 29 U.S.C. 216. Under the FLSA, this may include "reasonable out of pocket expenses" that go "beyond those normally allowed under Fed. R. Civ. P 54(d) and 28 U.S.C. § 1920." *Smith v. Diffee Ford Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002); *Lamon v. City of Shawnee, Kan.*, 754 F.Supp. 1518, 1524 (D. Kan. 1991) (noting expenses under the FLSA generally include "all reasonable out-of-pocket expenditures" that are not "normally absorbed as part of law firm overhead"), *rev'd* in part on other grounds by 972 F.2d 1145; *Calderon v. Witvoet,* 112 F.3d 275, 276 (7th Cir. 1997) (observing that expenses such as travel are not "costs" under 29 U.S.C. § 1920, but "are nonetheless reimbursable-but as part of the award for attorneys' fees, because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services.").

Plaintiffs may recover appropriate statutory costs including filing fees, witness fees, court reporting/transcript fees, necessary copying costs, and interpreting services. 28 U.S.C. § 1920. *See also, e.g.*, *Hernandez v. Aleman Constr., Inc.*, No 3:10-cv-2229-BN, 2013 WL 5873289, at *67 (N.D. Tex. Nov. 1, 2013). Plaintiffs may also recover reasonable litigation expenses

including costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses, which are also recoverable under the FLSA as part of an attorney's fee award. *See, e.g., Alex v. KHG of San Antonio*, LLC, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015) (citing *Hilton v. Exec. Self Storage Assocs.*, No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009)); *Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7, 2008); *Chapman v. A.S.U.I. Healthcare & Dev. Or.*, No. CIV.A. H–113025, 2013 WL 487032, at *8 (S.D. Tex. Feb. 6, 2013) *aff'd sub nom. Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 Fed. App'x 182 (5th Cir. 2014).

Prince seeks reimbursement for $3,341.54 in costs and expenses incurred in this matter. Moulton Decl. at ¶16. These expenses include $843.42 incurred by local counsel for filing fees, service fees, pro hac vice fees, printing and research costs. Ex. 4 at ¶10. And they include $2,498.12 incurred by Bruckner Burch PLLC and Josephson Dunlap PLLC for the transcript of Zachary Taylor's deposition as KC Tree's 30(b)(6) witness, a mediation fee, and postage. Ex. 1 at 31, Ex. 7. These expenses were necessarily incurred by Plaintiffs and should all be allowed.

The expenses that qualify under 28 U.S.C. § 1920 total $2,398.30 and are summarized below:

| Description | Amount | Exhibit No. & Page | § 1920 Category |
|---|---|---|---|
| Complaint Filing Fee | $400 | Ex. 4 at 6 | 1 |
| Pro Hac Vice Fees | $400 | Ex. 4 at 6 | 1 |
| Service of Process | $30 | Ex. 4 at 6 | 1 |

17

| Copies and Prints | $4.80 | Ex. 4 at 6 | 3/4 |
| Deposition Transcript | $1,563.50 | Ex. 7 at 2 | 2 |

Ex. 1 at 31; Moulton Decl. at ¶ 16, Dirks Decl. at ¶10; Ex. 7.

9. **Conclusion.**

Plaintiffs have obtained a high level of success in a professional and efficient manner in this highly contested matter that involved unusual issues regarding FLSA coverage and exemptions. Accordingly, Plaintiffs request the Court award their reasonable attorneys' fees in the amount of $161,522, and reasonable expenses in the amount of $3,341.54.

Respectfully submitted,

/s/ Eric L. Dirks
Eric L. Dirks, KS Bar No. 77996
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
816-945-7165 – Telephone
816-945-7118 – Facsimile
dirks@williamsdirks.com


Richard J. (Rex) Burch
Texas Bar No. 24001807
*(pro hac vice)*
David I. Moulton
Texas Bar No. 24050193
*(pro hac vice)*
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**AND**

>Andrew W. Dunlap
>Texas Bar No. 24078444
>*(pro hac vice)*
>Richard M. Schreiber
>Texas Bar No. 24056278
>*(pro hac vice)*
>**Josephson Dunlap, LLP**
>11 Greenway Plaza, Suite 3050
>Houston, Texas 77046
>713-352-1100 – Telephone
>713-352-3300 – Facsimile
>adunlap@mybackwages.com
>rschreiber@mybackwages.com
>
>**Attorneys in Charge for Plaintiff**

## Certificate of Service

On April 5, 2023, I served this document on all registered parties and/or their counsel of record via the Court's ECF System.

>*/s/ Eric L. Dirks*
>Eric L. Dirks