# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM PRINCE, Individually and for Others Similarly Situated,<br><br>v.<br><br>KANSAS CITY TREE CARE, LLC | Case No. 2:19-cv-02653-KHV-JPO |

## DECLARATION OF DAVID I. MOULTON

I, David I. Moulton, state the following:

1. "I am counsel for Plaintiffs and I offer this declaration in support of the reasonableness of the attorneys' fees and expenses Plaintiffs seek.

2. I graduated from the University of Houston Law Center in May 2005 and I have been licensed to practice law in Texas since November 2005. My career has been devoted almost exclusively to recovering unpaid wages for workers across the country. I have been the lawyer in charge for hundreds of these cases and have obtained favorable outcomes for my clients through trials, dispositive motions, and settlements.

3. I was awarded Texas Rising Star in Plaintiffs' Wage and Hour Litigation for several years. I have recovered millions of dollars for my clients.

4. Some recent notable cases include: *Halle v. Galliano Marine Serv., L.L.C.*, 855 F.3d 290, 292 (5th Cir. 2017) (reversing summary judgment finding remotely operated vehicle operators were exempt seamen); *Jones v. A&D Interests, Inc., d/b/a Heartbreaker's Gentlemen's Club*, 2020 WL 1068186 (S.D. Tex. Apr. 6, 2020) (enforcing arbitration judgment against club and its owner in favor of former exotic dancer for unpaid minimum and overtime wages, return of fees and tip outs, attorney's fees, costs, and interest); *Martinez v. Utilimap Corp.*, AAA

No. 01-15-0004-6935, Oct. 24, 2018 (Jeffrey L. Taren, arb) (clause construction award finding arbitration agreement allowed for class actions). I speak Spanish and Portuguese, which has enabled me to effectively represent some of the lowest-paid and most vulnerable workers, such as in the restaurant, custodial, and construction industries.

5. Shortly after the Court entered judgment, the parties exchanged correspondence and had numerous conversations about fees and expenses. These consultations included written correspondence on March 27, 28, 30, and 31 and April 3, and telephone conferences on March 29, 31, and April 1. These communications included discussions about summaries prepared by Plaintiffs, other fee awards obtained by Plaintiffs' counsel, and a recent publication about reasonable attorney fee rates in Kansas City. Despite Plaintiffs' efforts to continue negotiations, KC Tree has not responded to calls and emails since the parties' last telephone conference on April 1. The parties are unable to agree on fees and expenses.

6. Because the FLSA is a fee-shifting statute, Plaintiffs' counsel contemporaneously keeps records of hours worked in FLSA cases. Exhibit 1 is a true and correct copy of reports and summaries detailing the fees and expenses incurred by Prince. *See* Ex. 1.

7. April 5, 2023, Plaintiffs expended over 356 hours of professional time. This represents the total number of hours reasonably expended by counsel after the exercise of billing judgment. In reviewing counsel's billing records, counsel did not charge for 23 hours of professional time. Further, many tasks like phone calls, texts, and emails to opposing

counsel and clients are not included in our billing records, so 356 hours is less than the actual number of hours incurred. Ex. 1.

8. Bruckner Burch PLLC maintains a heavy litigation docket. There was a strong incentive to not spend more time on Prince's case other than what was necessary because of other cases that require attention. All the hours and expenses incurred by Prince were necessary to obtain the outcome attained, which is almost 100% victory on all claims via summary judgment, including unpaid overtime wages for both recorded and off-the-clock hours worked, full liquidated damages, and a finding of willfulness which extend the statute of limitations from 2 to 3 years.

9. The hours expended in this case were much greater than they otherwise would have been because KC Tree unreasonably contested everything possible. For example, KC Tree moved to dismiss, opposed conditional certification, failed to timely produce court-ordered documents that resulted in a show-cause hearing, failed to timely respond to discovery, failed to timely respond to court-ordered settlement discussions, required numerous continuances and extensions, and took unreasonable litigation positions. KC Tree claimed it did not employ Plaintiffs, denied enterprise coverage under the FLSA, denied Plaintiffs worked overtime, claimed it paid Plaintiffs piece rates when it really paid them day rates, and claimed Plaintiffs were exempt. KC Tree moved to decertify the class and moved to disqualify Plaintiffs' counsel. Defendants' efforts, none of which were ultimately successful, greatly multiplied the fees Plaintiffs incurred. It also caused Bruckner Burch PLLC to not be able to work on other matters.

10. Prince made many efforts to settle this case prior to moving for summary judgment, including a full day mediation.

11. As a lawyer with over 17 years of experience practicing exclusively in wage and hour litigation, I have knowledge of reasonable hourly rates for attorneys. I consulted with other lawyers, including opposing counsel in other cases. I reviewed publications such as Missouri Lawyers Media, *Billing Rates 2022*, November 2022 and the USAO Attorneys' Fees Matrix for 2020-2021 ("USAO Matrix"). True and correct copies of the Missouri Lawyers Media, Billing Rates 2022, November 2022 and the USAO Matrix, are attached as exhibits to Plaintiffs' motion.

12. I considered my own contested and agreed fee awards. For example, last month I was awarded $450 per hour. *Thomas v. Houston Circle of Hope Services, Inc.*, No. 4:20-cv-00769 at ECF 66, 67 (S.D. Tex. Mar. 14, 2023) and in 2009 with less than four years of experience, I was awarded $225 per hour in a contested fee motion in a case that I tried to a jury as the sole lawyer for the Plaintiff. *See Onix Cornejo v. SY Food, Inc.*, No. CIV. A. H-07-2571, 2009 WL 3013519, at *2–3 (S.D. Tex. Sept. 17, 2009). Most cases end in settlement with or without formal approval. Even when settlements are approved, they are often approved without a specific approval of rates requested in support of approval. For example, I applied for hourly rates of $500 and $450, and the settlements were approved, though without specific approval of my rates. *See, e.g.*, *Gore v. Peak Systems, Inc.*, No. 1:20-cv-3771 at ECF 37 (S.D.N.Y.) (requested $500 and settlement approved); *Pierce v Apache Corp.*, No. 4:18-cv-1803 at ECF 32, 35 (S.D. Tex.) (requested $450 in brief for the Court in support of settlement, dismissed after Court reviewed settlement).

13. For hourly work, the rate Bruckner Burch PLLC would require me to bill is $500 per hour. For this case, I am requesting the reduced rate of $450 per hour. This rate is significantly less than my normal hourly rate. It is also well within published rates for lawyers in the Kansas City market. Ex. 5 at 4.

14. Plaintiffs request $425 per hour for Richard Schreiber, a 16-year lawyer with many hours of wage and hour experience who worked on the case in 2019 and 2020 and $325 per hour for Taylor Jones, a 7-year lawyer who worked a small number of hours in 2019. *See* Ex. 1.

15. Bruckner Burch PLLC utilizes the services of non-attorney staff to perform paralegal work to reduce the amount of time spent by lawyers doing more routine tasks, like preparing initial drafts of documents and assisting with discovery. These staff members help reduce the amount of time that would otherwise be billed by attorneys at much higher rates. For Sonia Galicia we are billing $125 per hour for her paralegal work. *See* Ex. 1.

16. Prince incurred expenses to prevail on his claims that are detailed and summarized in Exhibits 1, 4, and 7. Prince's total expenses are $3,341.54. Ex. 1 at 32; Ex. 4 at at 6; Ex. 7. Of this amount, $2,498.12 were incurred by Prince's counsel in Houston and $843.42 were incurred by local counsel Williams Dirks Dameron LLC. Ex. 1 at 32; Ex. 4 at 6; Ex. 7.

17. Bruckner Burch PLLC agreed to handle this case on a contingency fee basis. Bruckner Burch PLLC bears the risk of not be paid anything for either attorneys' fees or expenses incurred. The fees and expenses incurred by Prince were reasonable and necessary to prevail on her claims.

18. I declare under penalty of perjury that the foregoing is true and correct."

Executed on: April 5, 2023.

**/s/ David I. Moulton**
_____
David I. Moulton