IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WILLIAM PRINCE, et al., | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| v. | ) | No. 19-2653-KHV |
| | ) | |
| KANSAS CITY TREE CARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

William Prince filed suit against Kansas City Tree Care, LLC, alleging putative collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Alexandra Brown, Anthony Prince, Benjamin Reifel, Ronnie Prince, Stone Fincher and Troy Chappell joined as plaintiffs. Pursuant to the Court's Memorandum And Order (Doc. #99) filed March 9, 2023 and the parties' Stipulation Re: Compensatory Damages (Doc. #100) filed March 22, 2023, the Clerk entered judgment in favor of plaintiffs and against defendant. This matter is before the Court on Plaintiffs' Motion For Attorney's Fees, Costs, And Expenses (Doc. #104) filed April 5, 2023. For reasons stated below, the Court sustains plaintiffs' motion in part.

## Analysis

The FLSA requires that in addition to any judgment awarded to plaintiffs, the Court shall award plaintiffs reasonable attorney fees and the costs of the action. 29 U.S.C. § 216(b). To determine whether attorney fees are reasonable, the Court looks to the lodestar—that is, the hours counsel reasonably spent on the litigation multiplied by a reasonable hourly rate. Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998). The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly

rates.  See id.  Once the Court has determined the lodestar amount, it may adjust the fee upward or downward in the rare circumstance where the lodestar does not adequately take into account "other considerations" that may properly be considered in determining a reasonable fee.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The Court must also consider whether the lodestar fee is reasonable under the 12 factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

**I.      Lodestar Calculation**

  A.      Hours Reasonably Expended

Plaintiffs seek a fee award that includes 354.4 hours for attorneys and 1.6 hours for a paralegal.  Defendant argues generally that plaintiffs' counsel has grossly overstated their time.

Defendant first argues that plaintiffs should not be able to recover 5.2 hours for counsel's "due diligence" in filing the case and drafting the complaint because they originally filed suit in the Western District of Missouri, which was not the proper venue.  Defendant's Response To Plaintiff's Motion For Attorney's Fees, Costs And Expenses (Doc. #106) filed April 11, 2023 at 2.  Plaintiffs note that they have already excluded counsel's duplicative time incurred in filing the case in Missouri.  As to counsel's entry for 5.2 hours, however, the Court excludes counsel's time related to venue issues (1.5 hours for Schreiber), which was unnecessary.  See Johnson v. City of Tulsa, Okla., 489 F.3d 1089, 1107 (10th Cir. 2007) (counsel's hours reasonable if they are useful and necessary to secure final result obtained).  The remainder of counsel's entry for due diligence (3.7 hours for Schreiber) reflects work that was necessary even if plaintiffs had initially filed the

case in the proper venue.[1]

Defendant argues that counsel spent an unreasonable amount of time on plaintiffs' summary judgment motion and reply. Defendant's Response To Plaintiff's Motion For Attorney's Fees, Costs And Expenses (Doc. #106) at 7–8. Plaintiffs seek attorney fees for 88.4 hours on their initial summary judgment memorandum and 81.5 hours on their reply.[2] Except for the amount of compensatory damages, the Court sustained plaintiffs' motion for summary judgment on all issues. Plaintiffs unquestionably achieved success on their motion. Even so, based on the limited factual record, the lack of complexity in the legal issues presented and counsel's vast experience in FLSA litigation, counsel could have reasonably completed their initial motion and memorandum in 70 hours (67.2 hours for Moulton and 2.8 hours for Burch) and their reply brief in 40 hours (38.7 hours for Moulton and 1.3 hours for Burch).

Defendant objects generally that counsel's litigation conduct—including refusing to settle the case at an early stage—caused unnecessary work for both parties. Defendant's Response To Plaintiff's Motion For Attorney's Fees, Costs And Expenses (Doc. #106) at 3–6. For example, defendant suggests that plaintiffs should have negotiated about the validity of exemptions under the FLSA which defendant itself asserted. Id. at 6. As the Court explained in a prior order, defendant's purported exemptions lacked evidentiary support and at least one was frivolous. See, e.g., Memorandum And Order (Doc. #99) at 14–15 (defendant's belated attempt to raise defense

---

[1] Defendant argues that William Prince asserted a breach of contract claim which plaintiffs ultimately did not include in the Pretrial Order (Doc. #75) filed December 1, 2022. Defendant has not identified any specific time entries that were related to this claim or shown that Prince's initial assertion of this claim was unreasonable.

[2] For the initial memorandum, plaintiffs seek 85.6 hours for Moulton and 2.8 hours for Burch. For the reply, plaintiffs seek 80.2 hours for Moulton and 1.3 hours for Burch.

under 29 U.S.C. § 203(y)(2) frivolous); id. at 20 (defendant's assertion that it would present evidence at trial insufficient to withstand summary judgment on exemptions; defendant ignored stipulations which largely negated affirmative defense under 29 U.S.C. § 207(f)); id. at 23 (defendant asserted opaque arguments about acting in good faith and cited no evidence to support assertions that it sought and acted reasonably on advice of accountants and attorneys).  In addition, defendant's summary judgment response was extremely difficult to follow, which unnecessarily increased the number of hours that plaintiffs' counsel expended on their reply brief.  See, e.g., id. at 3 (most of defendant's responses and additional factual statements fail to comply with D. Kan. Rule 56.1 or Fed. R. Civ. P. 56); id. at 10 (overruling non-meritorious defense motion to disqualify counsel because he submitted declaration in support of summary judgment motion).  Except for the amount of compensatory damages, the Court sustained plaintiffs' motion for summary judgment on every issue.  Based on the obvious strength of plaintiffs' case and the weakness of defendant's purported defenses, the Court cannot fault plaintiffs' counsel in refusing to settle at an early stage for a significantly reduced amount.

B.     Reasonable Hourly Rate

To determine whether billing rates are reasonable, the Court examines evidence of the market rate for analogous litigation.  See Case, 157 F.3d at 1255.  The fee applicant bears the burden to show that the requested rates comport with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).  The Court may turn to its own knowledge of prevailing market rates as well as other indicia of a reasonable market rate.  Lippoldt v. Cole, 468 F.3d 1204, 1225 (10th Cir. 2006).

Plaintiffs seek hourly rates of $700 for Richard J. Burch, $450 for David I. Moulten, $425 for Richard Schreiber, $325 for Taylor Jones and $125 for paralegal work. Plaintiffs have submitted affidavits which detail the experience and skill of each attorney. Defendant states that fee awards in similar cases do not support counsel's proposed rates, but cites no cases and offers no alternative rates that it contends are reasonable. Defendant's Response To Plaintiff's Motion For Attorney's Fees, Costs And Expenses (Doc. #106) at 9. Except for Burch's hourly rate which the Court reduces to $625, counsel's hourly rates are reasonable based on their experience—which has largely been focused on FLSA litigation. See M.B. v. Howard, 555 F. Supp. 3d 1047, 1063 (D. Kan. 2021) (noting reasonable hourly rates in District of Kansas between $175 to $625 based on attorney experience) (collecting cases); see also Barbosa v. Nat'l Beef Packing Co., LLC, No. 12-2311-KHV, 2015 WL 4920292, at *10 (D. Kan. Aug. 18, 2015) (approving attorney hourly rates in FLSA case from $180 to $425).

C. Calculation Of Lodestar

Plaintiffs seek a fee award of $161,522.50. Applying the adjusted reasonable number of hours billed by the prevailing rates, the lodestar is $132,932.50.[3]

**II. Potential Adjustment Of Lodestar**

As noted above, once the Court has determined the lodestar amount, it may adjust the fee upward or downward in the rare circumstance where the lodestar does not adequately take into account "other considerations" that may properly be considered in determining a reasonable fee. Hensley, 461 U.S. at 434. Neither party has proposed—and the Court finds no reason to apply—

---

[3] David I. Moulton: 246.3 hours x $450 = $110,835.; Richard J. Burch: 13.3 hours x $625 = $8,312.50; Richard Schreiber 27.3 hours x $425 = $11,602.50; Taylor Jones: 6.1 hours x $325 = $1,982.50; Sonia Galicia: 1.6 hours x $125 = $200.

a reduction or enhancement of the loadstar amount.

The Court must also consider whether the lodestar fee is reasonable under the 12 factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974): (1) time and labor required, (2) novelty and difficulty of question presented by the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases. Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995).

The Johnson factors support an award of attorney fees for the lodestar amount. Counsel reasonably spent some 290 hours to secure a judgment in favor of plaintiffs. The relevant issues in this case were neither factually complicated nor novel. Even so, because of defendant's assertion of baseless defenses and legal arguments that lacked a factual basis, plaintiffs' counsel had to expend additional time on the briefing of plaintiffs' summary judgment motion. Counsel exhibited above-average expertise in the area of FLSA litigation and have considerable experience handling wage and hour matters. Plaintiffs' counsel took this case on a contingency fee. Counsel achieved favorable results for plaintiffs, which included a judgment for the full amount of lost wages and an award of liquidated damages in the same amount. Based on the lodestar and the Johnson factors, an award of $132,932.50 in attorney fees is fair and reasonable.

Defendant argues that the lodestar is intended to produce a fee award consistent with what counsel would have received if they had been representing a paying client. Defendant's Response

To Plaintiff's Motion For Attorney's Fees, Costs And Expenses (Doc. #106) at 9. The fee award under the FLSA—as with other fee-shifting statutes—need not be proportional to the damage award or mirror what a private paying client would pay counsel.  See Garcia v. Tyson Foods, Inc., 770 F.3d 1300, 1311 (10th Cir. 2014) (affirming fee award under FLSA for nearly $3.4 million on damages of some $500,000); cf. City of Riverside v. Rivera, 477 U.S. 561, 576 (1986) (rule that limits attorney fees in civil rights cases to proportion of damages awarded would seriously undermine Congressional purpose in enacting civil rights fee shifting provision; 42 U.S.C. § 1988 enacted because private market for legal services failed to provide many victims of civil rights violations with effective access to judicial process).  Here, counsel achieved exceptional success for their clients.  For this reason and those explained above, a fee award of $132,932.50 is reasonable.

Defendant has not objected to plaintiffs' Bill Of Costs (Doc. #105) filed April 5, 2023. Except for counsel's payment of duplicative pro hac vice fees to the Western District of Missouri ($200), Exhibit 2 (Doc. #105-2) at 2, 7–8, plaintiffs' bill of costs appears fair and reasonable. The Court therefore awards plaintiffs costs of $3,141.54.

**IT IS THERFORE ORDERED** that Plaintiffs' Motion For Attorney's Fees, Costs, And Expenses (Doc. #104) filed April 5, 2023 is **SUSTAINED in part**.  **Under 29 U.S.C. § 216(b), the Court awards plaintiffs $132,932.50 in attorney fees and $3,141.54 in costs.**

Dated this 4th day of May, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge